DESHAZO *vs* LEWIS.

1. In detinue by the mortgagor of a slave, redeemable by the terms of the deed, at a certain day, the mortgagor may show by parol proof, a verbal agreement to extend the period of redemption; and an offer to discharge the mortgage, in pursuance of such extension.

Error to the Circuit Court of Pike.

In this case, an action of detinue was brought, by Wilson Deshazo, against Seaborn Lewis, for the recovery of a negro slave. A trial being had, a verdict was rendered for the defendant; and on a bill of exceptions the cause was removed here.

On the trial of the case, the plaintiff gave in evidence, an instrument of writing under the hand and seal of the defendant, in the following words, to wit: ·

"The State of Alabama, Pike County. Know all men, by these presents, that I, Seaborn Lewis, of the State and County aforesaid, have this day purchased from Wilson Deshazo, a certain negro man named Bachus, for the sum of two hundred and seventy-seven dollars and twenty-five cents; and hire the said boy, Bachus, unto the said Deshazo, from this time until the tweny-fifth day of December next, for the sum of twenty dollars. Now, if the said Deshazo does, by the twenty-fifth day of December next; or at any time, between this time and the twenty-fifth of December next, pay or cause to be paid to myself or my order, the sum of two hundred and seventy-seven dollars and twenty-five cents—then I bind myself, my heirs and assigns, in the sum

of one thousand dollars, to deliver the said negro boy—acts of Providence only, excepted. As witness, my hand and seal, this the 31st day of July, 1830:

    " Richard Prince.        " SEABORN LEWIS, [Seal.]"

    " Ryon Bennett."

The plaintiff then proved, that one Allen, being indebted to him, the plaintiff, verbally agreed to pay the debt, due to the defendant, and discharge the foregoing instrument or mortgage; and that, on or about the twentieth day of December, 1830, the defendant verbally agreed, with the said Allen, to wait as long as two weeks, for the money.

It was also proved, that the defendant expressed himself willing to wait one month, if necessary: that early in January, thereafter, Allen and the plaintiff offered to pay off the defendant the aforesaid amount of money, which he refused to receive.

There being no proof of demand or conversion, the Court below charged the jury, that no verbal agreement would alter, vary, or control a written instrument under seal: that an extension of the time of payment, was a material alteration of the terms of the instrument under seal, and could not vary or alter it; and that such verbal agreement could not operate as a discharge of the mortgage. To all which the plaintiff excepted.

SAFFOLD, J.—The action was detinue, to recover a negro man slave, brought by the plaintiff in error, against the defendant. The question presented for revision, arises alone out of the bill of exceptions, taken on the trial, at the instance of the plaintiff.

It states that the plaintiff gave in evidence an instrument of writing, under the hand and seal of the defendant, which purports to convey the negro man, Bachus, from Deshazo to Lewis, for and in consideration of two hundred and seventy-seven dollars and twenty-five cents.

The deed bears date in July, 1830, and expresses on its face, the condition, that if Deshazo should, at any time, before the twenty-fifth day of December, then next, pay to Lewis, the sum of money aforesaid, then Lewis was bound, in the penalty of a thousand dollars, to re-deliver the slave to Deshazo.

The plaintiff also proved, that one Allen, being indebted to him, verbally agreed to pay the debt to the defendant, and take up the mortgage: that about the twentieth of December of the same year, Lewis agreed, verbally, with Allen, to wait two weeks, or even a month longer than the time appointed, for the payment of the money: that early in the ensuing January, both Allen and Deshazo offered to pay the money, which Lewis refused to accept; and that there was no other proof of any demand or conversion of the slave.

On this evidence, the Court instructed the jury, that no verbal agreement could alter, vary or control the written and sealed instrument; that an extension of the time of payment, was a material alteration of the terms of the instrument, and could not discharge the mortgage.

This charge is the cause assigned for error.

As the case was not argued at length, and is conceived to involve no intrinsic difficulty, a slight exa-

mination of the doctrine is deemed sufficient to dispose of the question.

The opinion of the Circuit Court, does not appear to have questioned the nature of the instrument, or to have denied that its legal effect is that of a mortgage only, to secure the re-payment of the money. It does not object to the sufficiency of the tender, or offer to return the money, at the time when it was made; nor does it deny the right of recovery, on the ground, that there was not a sufficient conversion, or detention of the property. The decision proceeded alone, on the principle, that the parol agreement was inconsistent with the deed; that the former varied and altered the terms of the latter.

If such was the effect of the parol agreement, the Circuit decision was correct. The general rule is, that where the terms of an agreement are reduced to writing, the instrument being constituted by the parties, as the true and proper exposition of their admissions and intentions, it alone is the highest and best evidence of their intentions, so long as it exists in full force.[a]

*3Stark.Ev 1001-2—2
Bla.R1249

But, the principle is no where admitted, that, because the parties have once reduced their contract to writing, they are afterwards incompetent to stipulate a different agreement in relation to the same matter: or, if a verbal contract, in respect to the same matter, would, otherwise, be legal and valid, it is not conceded that such could not be entered into, with equal effect, after a written contract, on the same subject, as though the former had been the first or only agreement.

Property may be pledged, for the security of a debt,

by parol agreement, as well as by deed : the verbal agreement, offered in evidence, in this case, was not to impugn, deny, or alter the terms of the original deed. it, in effect, admitted the existence of the prior contract for the payment of the money, on the twenty-fifth of December, and evidenced a subsequent agreement, for an extension of the time of payment : this extension of the time was not without consideration—Lewis continued to enjoy the use and profit of the slave, after the time originally appointed for payment, as well as before, and the use of the slave, he had agreed, was a full compensation for the use of the money.

Under the circumstances, to permit the defendant to object to the payment, on the subsequent day, until which he had agreed to wait, would be to give him an advantage from his own faithless promise, which may have lulled the plaintiff into an imaginary security, and caused the delay—it would enable him to profit, perhaps very largely, from his own artifice and fraud. We conceive the rules of law, alone, fully competent to prevent such injustice : and that, to have given effect to the parol agreement, subsequently entered into, would not have violated any established rule of evidence.[a]

[a] 3 Starkie, 1046-7

The judgment must be reversed and the cause remanded.