## WALLIS vs. LONG.

1. A mortgagee may release his mortgage by a sufficient parol agreement, although the mortgage be under seal and the debt unpaid.
2. Where a writ in detinue is served on the defendant twenty-four days after its issuance, the execution by him of a replevy bond for the property does not estop him from showing that it was not in his possession at the commencement of the suit.

Error to the Circuit Court of Talladega. Tried before the Hon. J. J. Woodward.

This was an action of detinue brought by the plaintiff against the defendant in error to recover a slave by the name of Harriett. The plaintiff on the trial, in support of his title, offered in evidence a deed of mortgage of said slave executed by one John Simmons to him on the 6th day of August 1844, to secure the payment of certain notes to him by said Simmons. He then proved the value of the slave and of her hire, and execution by the defendant of a replevy bond for the slave when the writ was served, which was twenty-four days after its issuance. The defendant proved by a witness, that in the latter part of the year 1845, he heard the plaintiff and said Simmons conversing about the debt and mortgage, and in that conversation, it was admitted that about the last of the year 1844, there had been an exchange of Harriett for a negro named Sam, and that by agreement, the plaintiff had accepted Sam in lieu of Harriett, and had him in possession two or three months when he went back to the possession of Simmons. It was further shown that Harriett never was in

Wallis v. Long.

the plaintiff's possession. The defendant also introduced evidence tending to show that at the date and issuance of the writ Harriett was not in his possession, but in the possession of his son, Robert Long. On this evidence the court charged the jury, that by an executed verbal contract a lien upon one slave might be substituted for a written lien or mortgage on another, but it must be an entire substitution in all respects, and not a temporary exchange merely, and that if they believed from the evidence, that there had been such a substitution of Sam for Harriett, the plaintiff had no right to recover. The plaintiff asked the court to charge the jury, that the execution of the replevy bond, at the time of the service of the writ, estopped the defendant from denying that he had possession of Harriett at the commencement of the suit, which charge the court refused to give. To the charge given, as well as to the refusal to charge as requested, the plaintiff excepted, and now assigns them as error.

WHITE & PARSONS, for plaintiff:

The charge of the court is abstract. There was no evidence going to show an exchange of Harriett for Sam, further than the mere right of possession for a few months. Under the mortgage after a certain time, plaintiff had a right to the possession of Harriett, and Sam was put in her place for a short time. There was no proof of any *verbal mortgage* (if any such nondescript is known to the law,) nor that plaintiff surrendered his lien upon Harriett, or satisfied his mortgage. The evidence conduced only to shew an exchange of one negro for the other, and not a change in the security which Wallis had taken for his debt.

The second charge asked for should have been given.— Philips v. Hall, 8 Wend. 610; Drown v. Smith, 3 N. H. 299; Goslin v. Beene, 7 Bing. 339; Harris v. Watson, 2 Barn. & Cress. 549; Philips Ev. C. & H. notes, vol. 2, pt. 1, p. 200, *et seq.*; Chapman v. Searle, 3 Pick. 38; Bursley v. Hamilton, 15 Pick. 40.

RICE & MORGAN, for defendant:

1. A mortgage (or any other contract under seal,) will be considered as abandoned and discharged by a subsequent *ex-*

*ecuted* parol contract.—Barrelli, et al. v. O'Conner, 6 Ala. Rep. 617, and cases therein cited; Deshazo v. Lewis, 5 Stew. & Porter, 91.

2. Estoppels are not favored. They must be mutually binding, or they do not bind either party. Admissions, whether written or verbal, are not conclusive, unless they have induced the other party to act upon them.—Edmondson v. Montague, 14 Ala. Rep. 371.

3. Where an action of detinue was commenced on the 2d of October 1848, and the writ was executed on the 27th of that month by handing defendant a copy and taking bond for the delivery of the slave sued for, &c., the *execution* of such bond does not *estop* the defendant from denying that he had possession of the slave; but if the defendant can prove that he did not have possession of the slave sued for *at the commencement of the suit*, he will be allowed to do so, to defeat the action.

DARGAN, C. J.—A mortgage is a mere security for the payment of a debt. It forms no part of the debt itself, and therefore may be released or discharged without affecting the validity of the debt. This is not denied by the counsel for the plaintiff, but it is contended that as the mortgage deed was under seal no parol agreement should be received as evidence of its discharge. To this argument we cannot assent. In the case of Barrelli & Martin v. O'Conner, 6 Ala. Rep. 617, this court held, that evidence might be received of an executed parol contract in discharge of a contract under seal. The decision is well sustained by authority, and in our judgment recognizes the correct rule. The evidence was therefore properly admitted and it justified the charge given by the court to the jury, for it tended to show a new and distinct contract with the mortgagor, by which the girl Harriett was to be discharged from the mortgage in consideration of the delivery of the boy Sam, who was to be retained by the mortgagee as a pledge for the security of the debt, in lieu of Harriett, who was conveyed by the mortgage for the same purpose. Whether the evidence was sufficient to establish such a contract or not is a question we cannot review—the sufficiency of the evidence is a matter purely for the jury, and if they erred in their conclusion of the fact, the plaintiff could only obtain relief by

a motion for a new trial. But that the evidence was admissible and the charge appropriate, as applied to it, we entertain no doubt.

In the case of Ranley v. Rice, 10 Metc. 7, it is said if a mortgagor of a chattel make a new and distinct contract with the mortgagee, by which he delivers to him not only the mortgaged chattel, but also other chattels not mortgaged, to be held by the mortgagee as a security for the debt, the mortgagee by such new agreement becomes the pawnee of all the chattels so delivered, as well those previously mortgaged as those that were not. The propriety of this decision is manifest when we reflect that the title to personal property may pass by parol, and the fact that the instrument that conveys the title to the owner is under seal, cannot restrain or control his right or capacity to convey it by parol or mere delivery. A mortgagee may then release his mortgage by a sufficient parol agreement, although the mortgage be under seal and the debt unpaid.

2. The writ in this case was issued twenty-four days before it was served. The sheriff took possession of the slave, as the plaintiff had made the affidavit and given the bond required by the statute, and the defendant on the day of the service of the writ executed a replevy bond in the usual form. On the trial the plaintiff requested the court to charge the jury that the replevy bond estopped the defendant from denying that he was in possession of the slave when the writ was issued. The plaintiff is bound to prove that his cause of action occurred before the suit commenced—therefore, it was incumbent on him to show that the defendant was guilty of an unlawful detainer anterior to the time of issuing the writ. The bond, however, is an admission, that he was in possession at the time the writ was executed, and is therefore a circumstance tending to prove that the defendant was in possession anterior to that time, and in the absence of all other proof, the jury might well find that the defendant was in possession at the date of the writ. But this may be repelled by proof to the contrary, as the bond contains no recital showing that the defendant was in possession previous to the day the writ was executed. The bond estops the defendant from denying that the defendant was in possession at the date of the service of

the writ, but as no admission or recital is contained in it showing possession anterior to that time, it cannot preclude the defendant from showing that at the date of the writ he had not the possession and was not guilty of the unlawful detainer.

We are satisfied that the Circuit Court ruled the law correctly, and the judgment must therefore be affirmed.