# Carpenter *et. al.* v. Murphree & Jones.

### *Action on Promissory Note by Transferees against Maker.*

*Discharge of note by subsequent parol agreement.* — A verbal agreement by the payee, with the maker of a promissory note, to release and discharge the latter from liability on the note, and to accept in his stead a third person, to whom the maker has sold property, crediting the price with the amount of the note, and who signs the note as a maker in pursuance of such agreement, is supported by a sufficient consideration, and is not within the statute of frauds; and it is available as a personal defence to the maker, in an action on the note by a transferee.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by the appellees, suing as partners, against C. N. Carpenter and Dennis Rogers; and was founded on a promissory note for $226.64, signed by said defendants and one A. J. Carpenter, who was not sued, dated the 13th

[Carpenter v. Murphree.]

February, 1861, and payable on or before the 25th December next after date, to W. R. Parker or bearer. The defendant Carpenter interposed a plea in these words : " The defendant Carpenter, for answer to said complaint, says, that the note on which this suit is founded was given by him and one A. J. Carpenter to W. R. Parker, the payee therein named, for negro hire for the year 1861; that defendant C. N. Carpenter sold his effects and interest to Dennis Rogers, the other defendant in this suit, preparatory to going into the army, in that year ; and that said Parker released and discharged this defendant from further liability on said note, and took the said. Rogers in lieu thereof, for and in consideration that this defendant had sold out his effects, and was going to the war, and the said Rogers had and owned considerable pecuniary means, and said Parker considered his note better secured thereby ; and this defendant having paid said Rogers, in the sale beforementioned, to account to said Parker for the amount of said note. And this defendant avers that the above transactions were fully made, understood, and agreed to by the parties mentioned ; and that this defendant was fully and completely discharged and released from all further liability on said note by said Parker, the said Parker agreeing and promising to cancel this defendant's name therefrom." The plaintiff demurred to this plea, because the said agreement was not in writing, and because it was without consideration. The court sustained the demurrer, and its ruling is now assigned as error.

R. E. HOOD and SEALS & WOOD, for appellant.

J. D. GARDNER, contra.

B. F. SAFFOLD, J. — The appellees, as transferees, sued the appellants on a note signed by them and A. J. Carpenter, payable to W. R. Parker. The defendant C. N. Carpenter pleaded his release by Parker, in consideration of Rogers's signing the note, he not having been an original maker, and also of his selling property to Rogers sufficient to pay the debt, the price of which to that amount was credited on the purchase in consequence of the agreement to release him. A demurrer to this plea was sustained. The grounds of demurrer were, want of consideration, and no allegation of release in writing.

A promissory note imparts a consideration. The consideration may be explained when it is not expressed. The explanation of Rogers's liability, as disclosed by the plea, is, that he bought property from his co-defendant, C. N. Carpenter, and paid him for it by assuming his obligation on the note in suit,

[Clark *v.* Hart.]

under an agreement with the payee and holder, Parker. If these facts be true, and constitute the only value received by Rogers for signing the note, it is without consideration in respect to Rogers, unless Carpenter is discharged. The plaintiffs cannot have judgment against both. A written contract, whether under seal or not, may be discharged by a subsequent parol agreement executed, when such is the intention of the parties. *Hunt & Hunt* v. *Barfield*, 19 Ala. 117 ; *Wallis* v. *Long*, 16 Ala. 738. Parker's promise to release Carpenter is supported by the consideration of loss or disadvantage accruing to the latter on the motion of the prisoner. Rogers's promises to both are supported by benefit to himself. 1 Parsons on Contracts, 431. The contract between the parties is new and independent. No provision of the Statute of Frauds is applicable to the parol agreement set up as a personal defence by Carpenter. Whether Rogers may invoke its aid, and how it may be avoided, are questions not raised in the transcript. It seems, however, that the discharge of Carpenter, and the credit he received on his purchase from him, would render his signing the note in suit an original, and not a collateral undertaking. 2 Parsons on Contracts, 304–6.

The judgment is reversed, and the cause remanded.