# O'Neil et al. v. Birmingham Brewing Co. et al.

*Bill in Equity to set aside a Conveyance as fraudulent.*

1. *Conveyance of stock of goods, absolute in form, but intended as a mortgage.*—A conveyance of his entire stock of goods by a debtor

to one of his creditors, in form an absolute sale, but intended only as a mortgage or as a security for an indebtedness, the debtor being permitted to remain in possession, to carry on the business, and to sell the property in regular course of trade for his own benefit, is made in trust for his own use, and is, therefore, under the provision of the statute (Code, § 1730), fraudulent and void as against subsequent, as well as existing creditors.

2. *Bill to set aside fraudulent conveyance; joinder of existing and subsequent creditors.*—Where a transfer by a debtor to one of his creditors, in form an absolute sale, but intended as a security for an indebtedness, is void under section 1730 of the Code, as being made for the use of the debtor executing the conveyance, existing and subsequent creditors may join in a bill seeking to set aside such conveyance as fraudulent and void.

3. *Suit in equity against a partnership; married woman being a partner no defense to a bill, and does not invalidate a contract made by the firm.*—Where the sole purpose of a bill, filed to cancel as fraudulent a conveyance by a partnership, is to subject to the satisfaction of complainants' demand the assets of said partnership, it is no objection to said bill that one of the partners is a married woman, nor does such a fact destroy the binding obligation of the contracts by which the firm became indebted to the complainants.

4. *Bill to set aside fraudulent conveyance; not demurrable for failure to aver that defendants were not licensed to sell liquors, which form part of consideration of complainants' debt.*—A bill filed by creditors seeking to set aside as fraudulent and void a conveyance by their debtor to other creditors, which avers that a part of the consideration of the debt sought to be enforced was spiritous, vinous or malt liquors, is not subject to demurrer because it fails to aver that the complainants were licensed to make said sales; the *prima facie* presumption of the law being that they had complied with the revenue statutes, and taken out the required license.

5. *Same; when not necessary to aver insolvency of debtor.*—When a bill is filed by creditors to set aside a conveyance of their debtor to other creditors as fraudulent and void under the provisions of section 1730 of the Code, it is not necessary to aver the insolvency of the debtor, since the creditor has a right to pursue and subject the property conveyed by his debtor to the latter's own use and benefit, notwithstanding the debtor may have other property which might be subject to said debt.

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed by the Birmingham Brewing Company and Solomon & Levi, against a partnership under the name and style of Patrick A'Hern, against Bridget O'Neil and Patrick A'Hern, individu-

ally, and against J. Fox's Sons; and prayed to have set aside as fraudulent and void a certain conveyance of the property of said partnership, made to J. Fox's Sons on June 17, 1891, in alleged payment of an alleged indebtedness.

The bill averred that the respondents, Bridget O'Neil, a married woman, and Patrick A'Hern, her son-in-law, after leasing from the Elyton Land Co. a certain lot, erected thereon a two story frame building, which they occupied as a saloon and boarding house; that said saloon business and said boarding house business were run and managed together by the said Patrick A'Hern and Bridget O'Neil, as partners, under the firm name of Patrick A'Hern; that said Bridget O'Neil managed the boarding house and Patrick A'Hern the saloon business; that on April 17, 1891, the respondents, J. Fox's Sons, induced the Birmingham Brewing Co. and Solomon & Levi to extend a certain line of credit to the partnership of Patrick A'Hern, representing that said partnership was entirely worthy of credit; that the complainants, upon the faith of said representations, sold the said respondents, Bridget O'Neil and Patrick A'Hern, certain goods, wares and merchandise, for which they are still indebted to the complainants; and that on June 17, 1891, the respondents, Bridget O'Neil and Patrick A'Hern, conveyed to J. Fox's Sons, in alleged payment of an alleged debt of $3,827, the property owned by the firm of Patrick A'Hern, which was, at the date of the said conveyance, reasonably worth $6,000. The bill further alleged that after said conveyance to said J. Fox's Sons, the said respondents, Bridget O'Neil and Patrick A'Hern, were allowed to remain in possession of the property conveyed, carrying on the business, buying and selling goods, in all respects as they had done previous to the execution of said conveyance, as if the business was their own, until on or about the 13th of July, 1891, when respondent Patrick A'Hern absconded from the State, at which time said J. Fox's Sons, but not until then, took possession of the property conveyed, and were, at the time of the filing of the bill, in possession of said property. The bill further alleged that the conveyance from the partnership of Patrick A'Hern to J. Fox's Sons was not what it purported to be on its face, but was only intended as a security for some indebtedness of said partnership

to J. Fox's Sons. The bill also alleged that with the exception of two items the indebtedness of Patrick A.'Hern and Bridget O'Neil, partners, to Solomon & Levi was contracted prior to said alleged conveyance to J. Fox's Sons; but that the indebtedness to the Birmingham Brewing Company was contracted subsequent to said alleged sale. The bill as amended did not seek any personal decree against Bridget O'Neil.

The respondents demurred to the bill, and assigned, among others, the following grounds of the demurrer: 1st. That said bill of complaint shows on its face that the said Bridget O'Neil is a married woman, the wife of Thomas O'Neil, and was such married woman at the time of the making of the alleged debts in said bill, and does not show any facts which make the debts binding or obligatory upon the said Bridget O'Neil. 2d. Because the said bill does not show that the husband of the said Bridget O'Neil consented for her to contract said debts, or create said obligations, and that he expressed such consent in writing. 3d. Because the said bill seeks to subject property formerly owned by said Bridget O'Neil to the payment of complainants' debt, but does not allege any facts which show that the alleged indebtedness of the said Bridget O'Neil was binding on the said Bridget O'Neil, or that the husband had given his consent for the said Bridget O'Neil to create said debt or obligation, and expressed his assent in writing, and does not show any other facts which make the said debt obligatory or binding upon the said Bridget O'Neil. 4th. The said Bridget O'Neil is shown to have been a married woman at the time she is charged with entering into the partnership of Patrick A'Hern; and it is further shown that part of the business to be engaged in by said firm of Patrick A'Hern, was to retail spirituous, vinous and malt liquors in the city of Birmingham, Ala., when the said Bridget O'Neil had no power or capacity to engage in or carry on such business. 5th. To that part of complainants' bill which seeks to hold the said Bridget O'Neil, or the property of said O'Neil, or the partnership property of Patrick A'Hern liable for the debt created by the firm of Patrick A'Hern, which was so contracted by said firm while engaged in the business of retailing spirituous, vinous and malt liquors in the city of Birmingham, Ala., because the said Bridget O'Neil had no capacity to enter

[O'Neil et al. v. Birmingham Brewing Co. et al.]

into or engage in said business. 7th. To that part of the bill that seeks to discover on account of the indebtedness to the Birmingham Brewing Company, because said bill shows that the indebtedness was created subsequent to the date of the filing of said conveyance, because there are no facts averred in said bill which show that the said conveyance was fraudulent or void as to the Birmingham Brewing Company. 8th. Because the bill does not show which part of said alleged indebtedness was contracted for the boarding house business and which part was contracted for the retail liquor business. 9th. That the bill does not show that the demands sought to be enforced by the complainants have been reduced to judgment. 10th. Because the bill is without equity. 11th. Because the bill is multifarious, in that it joins as parties complainant, the Birmingham Brewing Company and Solomon & Levi, each claiming a separate and distinct cause of action.

Upon the submission of this cause on the demurrers, the chancellor overruled each ground thereof, and his decree in so doing is here assigned as error.

LANE & WHITE and T. B. and R. P. WETMORE, for appellants.—1. Bridget O'Neil being a married woman, as shown by the bill of complaint, did not have the capacity to enter into the partnership of Patrick A'Hern. Code of 1886, §§ 1390–20. 2. The complainants aver in their bill that the consideration of part of their debts was for spiritous, vinous or malt liquors, but there is no averment in said bill that they had obtained the license authorizing said sale. The sales were, therefore, void. *Am. Un. Tel. Co. v. West. Un. Tel. Co.*, 67 Ala. 26 ; *Beard v. Un. & Amer. Pub. Co.*, 71 Ala. 60; *Farrior v. New Eng. Mortg. Sec. Co.*, 88 Ala. 275, 7 So. Rep. 200; *Mullens v. Amer. Freehold Land Mortg. Co.*, Ib. 280, 7 So. Rep. 201 ; Code of 1886, § 1323. 3. The defendant, Bridget O'Neil, had no power to enter into said partnership and its debts are not binding upon her.—Code of 1886, §§ 2346, 2350. 4. The complainants being simple contract creditors, one being an existing and the other a subsequent creditor, can not properly be joined as parties complainant. *Tower Manfg. Co. v. Thompson*, 90 Ala. 129, 7 So. Rep. 530; *M. & F. Railway Co. v. McKenzie*, 85 Ala. 546, 5 So. Rep. 322; 3 Brick. Dig. 515, § 119, cases cited. 5. The

bill of complaint is without equity, because it does not aver the insolvency of the partnership of Patrick A'Hern, or that it has not ample means, outside of the property sold to J. Fox's Sons, sufficient to pay the debts of complainants and the other creditors.—4 Amer. & Eng. Encyc. of Law 575 and note.

MOUNTJOY & TOMLINSON, *contra.*—1. The conveyance by the partnership of Patrick A'Hern to J. Fox's Sons, was within the provisions of Section 1730 of the Code of 1886, and was, therefore, fraudulent and void as against both existing and subsequent creditors.—*McDermott v. Eborn*, 90 Ala. 258, 7 So. Rep. 751. 2. The partnership, under the firm name of Patrick A'Hern, had capacity to contract with complainants though a member of the parnership was a married woman.—*LeGrand v. Eufaula Nat. Bank*, 81 Ala. 123, 1 So. Rep. 460. 3. Two or more simple contract creditors may join as complainants in a bill to set aside, on the ground of fraud, a conveyance executed by their common debtor.—*Gibson v. Trowbridge Furniture Co.*, 93 Ala. 579, 9 So. Rep. 370.

McCLELLAN, J.—"All deeds of gift, all conveyances, transfers and assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of the person making the same, are void against creditors, existing or subsequent, of such person."—Code, § 1730.

A mortgage of merchandise and the like by a debtor to his creditor to secure the indebtedness, or a formal sale intended to operate only as a security for the indebtedness, is a transfer for the use of the person executing the mortgage or bill of sale within the section quoted, and void as against both existing and subsequent creditors where the mortgagor or seller is, by the terms of the writing or extraneous understanding of the parties, expressed or implied, permitted to remain in possession of the property and sell the same in the regular course of trade for his own benefit.—*Benedict v. Renfro*, 75 Ala. 121; *Murray v. McNealy*, 86 Ala. 234, 5 So. Rep. 565; *McDermott v. Eborn*, 90 Ala. 258, 7 So. Rep. 751.

The present bill makes a case within this statute as construed in the cases cited. The transfer of the property being void alike as against antecedent and subsequent creditors, all simple contract creditors, whether prior or

subsequent, have equal rights and the same remedies in respect of subjecting it to the satisfaction of their demands ; and upon the same principle that prior creditors may unite in a bill attacking a sale by the debtor, which is fraudulent and void only as against debts existing at the time of the transaction, both classes of creditors may join in an assault upon a transaction of this sort, which is void as against the claims of each.

The bill as amended does not seek relief against Bridget O'Neil individually. Its sole purpose so far as she is concerned is to subject to the satisfaction of complainants' demands the assets of the partnership, doing business under the name of Patrick A'Hern, and composed, as is alleged, of said A'Hern and Mrs. O'Neil. It is no objection to such a bill that one of the partners is a married woman, nor does that fact constitute an infirmity in the binding obligation of the contracts by which the firm became indebted to the complainants.— *LeGrand v. National Bank*, 81 Ala. 123, 1 So. Rep. 460 ; *Reed Lumber Co. v. Lewis*, 94 Ala. 626, 10 So. Rep. 333.

If the claims of complainants, or any of them, or any part of either of said claims, were without consideration, or based on an illegal consideration, this was matter of defense to be laid before the court by answer. The bill was not bad for that it averred the consideration in part of the debts sought to be enforced was vinous, spiritous or malt liquors, sold by complainants to the partnership, and failed to aver that the sellers were licensed to make such sales. The *prima facie* presumption of law is that they had complied with the revenue statutes, and taken out the prescribed license.

As the bill avers that the partnership business was carried on in the name of Patrick A'Hern, it is fair to assume that the license, under which the partnership sold liquors, was made out in his name alone. We conceive of no reason for holding, even conceding that a liquor license can not be granted to a woman, that a silent partner in the business and assets of the concern, whether man or woman, could in such case claim immunity for his or her interest, on the ground that he or she was without a license or incapacitated to obtain a license in his or her own name. Moreover, we find no warrant in our statutes for the position taken by coun-

sel, that a liquor license can not be issued to a woman, married or single ; and certainly no ground can exist for relieving a partnership, one member of which is a married woman, from liability for liquors purchased by the firm, that would not equally apply to all other liabilities, or for exempting such firm from the doctrine established by the cases cited above, which, so far as the partnership assets are concerned, places accountability to creditors on the same footing as that of partnerships composed entirely of persons in all respects *sui juris*.

The operation of the statute quoted at the outset of this opinion—Code, § 1730—does not depend upon the insolvency of the grantor in trust. Its letter and spirit unite to the negation of such a construction. And it is, therefore, not necessary, to present a case for relief under it, for the bill to aver insolvency : the creditor has a right to pursue and subject property conveyed by his debtor, to the latter's own use and benefit, notwithstanding the debtor may have property which might be subjected to the debt.—*Dickson v. McLarney*, 97 Ala. 383 ; 12 So. Rep. 398.

The foregoing observations dispose of all the demurrers interposed to the bill adversely to the appellant, and the decree overruling them must, therefore, be affirmed.

