# Bloch & Co. *v.* Edwards.

*Statutory Action of Detinue.*

1. *Detinue by mortgagee; charges to the jury.*—In an action of detinue by mortgagees to recover a horse conveyed in the mortgage, and which was in the possession of the defendant, where the defendant testifies that the plaintiff had accepted another horse in the place of the one conveyed by the mortgage, and there was evidence for the plaintiffs that such horse had been delivered at an agreed valuation in part payment of the mortgage debt, and not as a substitute for the mortgaged horse, a charge which instructs the jury "that before the plaintiffs could recover in this case they must have returned to the defendant the horse which [they] had received from the defendant before the commencement of this suit," is erroneous, in that it wholly ignores the plaintiff's testimony.

2. *Chattel mortgage; substitution by parol agreement for property conveyed in mortgage.*—Under the provisions of the statute requiring

[Bloch & Co. v. Edwards.]

that mortgages of personal property should be in writing and signed by the mortgagor (Code of 1886, § 739; Code of 1896, § 2151), parties to a mortgage can not, by parol agreement, substitute personal property not embraced in the mortgage for property included therein, so as to transfer the lien of the mortgage to the substituted property and release the mortgaged property from said lien.

3. *Same; same; estoppel.*—A mortgagee who has received other property under an agreement to release certain of the property conveyed in a mortgage in consideration thereof, is estopped to retain the property so received and also assert the mortgage lien upon the property agreed to be released.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon JOHN MOORE.

This was an action of detinue, brought by the appellants against the appelle. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. Thereupon plaintiffs moved the court to grant them a new trial, upon the grounds that the court erred in the charge given to the jury, and in refusing to give the general affirmative charge requested by the plaintiffs; and because the verdict was contrary to the law and the evidence. This motion was overruled, and the plaintiffs duly excepted. Plaintiffs appeal, and assign as error the overruling of their motion for a new trial.

HOGUE & LAVENDER, for appellants.

ELLISON & THOMPSON, *contra,* cited *Wallis v. Long*, 16 Ala. 740; *Acker v. Bender*, 33 Ala. 233; Jones on Chattel Mortgages, § 660.

COLEMAN, J.—The appellants as mortgagees sued in detinue to recover a certain bay mare which was included in the mortgage. There was no controversy as to the due and proper execution of the mortgage, and the justness of the claim secured thereby. After the plaintiffs had introduced the mortgage and evidence of the debt, and that the mare sued for was included in the mortgage, and in the possession of the defendant at the institution of the action, the defendant testified in his own behalf substantially that the plaintiffs, by their agent, one Gardner, agreed to receive and did accept and receive from the defendant another and different

horse, in the place of the horse conveyed by the mortgage. The agent Gardner, witness for the plaintiffs, contradicted this statement of the defendant, and testified substantially, that he requested payment of the defendant of the mortgage debt; that defendant told him that he had no money, but desired to make a partial payment on the debt with a horse; that he and defendant valued the horse at fifty dollars, which amount was credited upon the debt, leaving a balance unpaid of one hundred dollars, and that there was no understanding or agreement that the horse turned over to him was substituted for the mare included in the mortgage and sued for. In the oral charge, the court instructed the jury, "that before the plaintiffs could recover in this case, they must have returned to the defendant the horse which Gardner had received from the defendant before the commencement of this suit." The effect of this instruction was, that although the horse may have been received from the defendant by agreement with him as a partial payment upon the debt, and credited thereon, yet before the plaintiffs could maintain the action, it was necessary to first return the horse to defendant. This instruction was erroneous. It wholly ignored the evidence of the witness Gardner. The defendant had the right with the consent of the plaintiffs, to pay the debt either with money or property, and if made, the legal result was the same, whether made in money or property.

The plaintiffs requested the court to give the affirmative charge in their favor, which charge was refused. Section 1731 of the Code of 1886 is as follows: "A mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor." We are of opinion, that parties cannot by parol substitute personal property, not embraced in a mortgage, for property included in a mortgage, so as to transfer the lien of the mortgage upon the substituted property, and release the mortgage property from the lien. To allow this would be a violation of the statute. This principle, however, would not relieve a mortgagee from the just and equitable doctrine of estoppel. If a mortgagee undertakes by an agreement to release certain mortgaged property in consideration of other property which he receives in lieu thereof, he would not be permitted to

[Thompson, *et al.* v. Hudgins, Exec., &c.]

hold on to the property thus received and also assert the mortgage claim and· lien against the property agreed to be released and delivered up. We would not be understood as intimating that the mortgagor and mortgagee might not make a valid parol agreement, upon valuable consideration, which would operate to divest the title of the mortgagee and invest it in the mortgagor, freed from the legal operation of the mortgage.—*Powers v. Harris*, 68 Ala. 409. The evidence of the defendant tended to establish such an agreement. The court did not err in refusing the affimative charge for the plaintiff.

Reversed and remanded.