# Hartford, Herbert & Co. v. The City of Attalla.

### Action on Common Counts.

1. *General issue; what not within.*—In an action for work and labor done, and for money had and received, the general issue merely traverses the averments of the complaint; and the ques-

[Hartford, Herbert & Co. v. The City of Attalla.]

tion of defendants liability because the work was done for the defendant under a special contract with a separate corporate body vested with exclusive authority to make such contract, and to receive and disburse the funds in payment therefor, and that defendant was without legal authority to hold such funds or pay the same to plaintiff, is not within the issue made by the pleadings.

2. *Modification of written contract by parol.*—The parties to a written contract, may modify its provisions by a subsequent parol agreement.

APPEAL from Etowah Circuit Court.

Tried before Hon. JAMES J. BANKS.

The case made by the pleadings is stated in the opinion. The plaintiffs, Hartford, Herbert & Co., introduced in evidence a contract in writing of date June 26, 1891, whereby they contracted with the Board of Commissioners of the city of Attalla to construct a system of water works, and an electric light plant according to certain plans and specifications for a consideration of $38,000.00, in city bonds of Attalla, Alabama, as full compensation for all materials furnished and work and labor done under the contract. Neither the city of Attalla, nor the Board of Commissioners of Attalla, were to be in anywise responsible to pay under the contract except in bonds, or in the proceeds thereof. Payments were to be made fortnightly as the work progressed. Plaintiff also introduced a contract of same date, with the city of Attalla, by which $38,000.00 in bonds of the city were sold to plaintiffs at par to be paid for by full performance of the contract above mentioned. Plaintiffs reserved the right to sell the bonds and deposit the proceeds with the city of Attalla, to be paid out as the work progressed. The bonds were sold, the money deposited, and all the money paid out, except $1,144. The evidence of plaintiff tended to show that the work was completed, turned over to, and accepted by, the engineer of the Board of Commissioners; that when the bonds were sold by plaintiff, the city treasurer clipped coupons therefrom amounting to $1,130, which plaintiff was compelled to make good to the purchaser; that under the direction of the engineer of the Board of Commissioners plaintiff had done extra work and furnished extra material of the

value of $1,799.00. The purpose of the suit is to recover these several sums. The provision of the contract as to a penalty for delay in completing the work, and the evidence touching same, are shown by the opinion. The defendant introduced in evidence an act approved February 7, 1891, (Acts 1890-91, p. 462), by virtue of which the board of mayor and aldermen were authorized to issue bonds of the city of Attalla not exceeding $50,000.00, to erect water works, electric lights, &c. in the city. It was provided that the proceeds of the bonds should be turned over to, and receipted for by, a Board of Commissioners, created by the act, under bond, and empowered to sue and be sued as a body corporate in executing the powers granted them; also that the amount of such funds used for any one of the purposes named should be in the discretion of such board, who should have the exclusive use, application, and investment of the proceeds of the bonds; and further, that no part of such proceeds should be paid out except upon the warrant of the mayor, drawn on the written request of the Board of Commissioners. The court gave the affirmative charge for defendant, and this is assigned as error.

A. E. GOODHUE, for appellant.—Our insistence is that the city of Attalla, having money which *acquo et bono* belongs to plaintiffs, it cannot be heard to say that the money ought to have been turned over to the commissioners, and the city of Attalla will therefore keep it. "An action for money had and received is an equitable remedy and may be supported when the defendant has received money which in good conscience he ought not to retain, and which *aequo et bono* belongs to the plaintiff."—*P. & M. Ins. Co. v. Tunstall*, 72 Ala. 142; *King v. Martin*, 67 Ala. 177. The city of Attalla got the benefit of the work and labor, and should pay for it. The city of Attalla agreed to deliver the bonds with coupons attached in payment for the work. These coupons constituted the promise of the city of Attalla to pay so much money. It failed to deliver the coupons, and thereupon became liable in an action for work and labor done, for the value of the coupons.

DENSON & BURNETT, *contra*.—The contract with the Board of Commissioners was in accordance with the act

of the legislature, the proceeds of the bonds were to be paid to the Board of Commissioners, and by them applied. The board, and not the city, was to make the payments. The agreement made with the city of Attalla is part of the same transaction, and shows that the act of the legislature was regarded by both parties as part of the contract, and that the whole authority, both by the board and by the city, must be derived from said act. Under this act and the contract in conformity therewith, the city would not have in its hands money which, in equity and good conscience, belonged to plaintiffs, but only money, if at all, which ought to be paid over to the separate and distinct entity known as the Board of Commissioners of Attalla. Any other contract would have been outside the authority of the statute, and, in fact, in contravention of it, and *ultra vires*. There is no money had and obtained by this defendant to the use of plaintiffs, because under the act and the contract plaintiff was not entitled to it from defendant. There was an expressed contract with the Board of Commissioners to pay, and hence no implied contract could arise as against the city.—*A. G. S. R. R. Co. v. Moore,* 109 Ala. 393; *Huntsville Belt Line v. Corpening & Co.,* 97 Ala. 689; *Langford v. Green,* 52 Ala. 185; *Shumacke v. Nelms,* 25 Ala. 136; 25 Am. St. Rep. 785. The act of legislature, which both parties made a part of the contract, forbids any such liability on the part of the city. The city then, not having the power or authority to make the express contract, cannot be bound by an implied contract.—4 Thompson on Corporation, §5184; 1 Dillon on Municipal Corporation, §461, note 1; 1 *Ib.* §§463, 466, note; *McDonald v. Mayor,* 68 N. Y. 28. The implied contract would be contrary to the express agreement, and this can not be done.—4 Thompson on Corporation, §5184.

COLEMAN, J.—The appellant, plaintiff in the trial court, sued to recover of the defendant an amount of money, stated in the complaint. The complaint is in form upon the common count, the first, for work and labor done; second, for money paid at the request of the defendant; third, for money received by defendant for plaintiff, and fourth, for goods, wares and merchandise sold. The case was tried upon issue raised upon plea of the general issue, of payment, and upon plaintiffs' repli-

[Hartford, Herbert & Co. v. The City of Attalla.]

cation to special plea numbered three, and upon special plea numbered four. After the close of the evidence, the court gave the affirmative charge in favor of the defendant. This is assigned as error.

We incline to the view, that the court overlooked the issues made by the pleadings and upon which the case was tried. The first plea of the defendant simply traversed the averments of the complaint. There is no controversy that the plaintiffs performed work and labor for the defendant, as averred in the complaint, to say nothing of other of the common counts. The second plea was that of payment. The defendant offered no evidence in support of this plea. True, there is some testimony in the evidence of the plaintiffs of payments made, but not such as to authorize the general charge as to the plea of payment. The third plea of the defendant is a special plea, in which it is averred that the matters of litigation arose from a special contract between the city and the plaintiffs, which contract provided that if plaintiffs failed to complete the work by a named day, the plaintiffs were to forfeit ten dollars per day thereafter. The plea then avers a failure to complete the work within the time stipulated, and claimed as a set-off the penalty. Leaving out of view the first replication to this plea, the fourth replication was "that the delay complained of was the result of defendant's failure to comply with a stipulation on its part in this: that the defendant failed to locate the said arc light, as by the terms of said contract it was required to do." Issue was joined upon this replication. There was some evidence tending to support this replication, upon which issue was joined. We are not prepared to say that there was no evidence tending to support the count for money had and received. Some questions are argued in brief of counsel for appellee as to the liability of the defendant, but which are not raised by the pleadings. We will not anticipate the action of the court on another trial, and upon different issues. It is well settled that parties to a written contract may modify its provisions by a subsequent parol agreement. There was no evidence offered in support of defendant's fourth plea.

Reversed and remanded.