(96 South. 237)
## ABBEVILLE LIVE STOCK CO. v. WALDEN.
### (4 Div. 52.)

(Supreme Court of Alabama. April 26, 1923.)

**I. Contracts ⟨⟩238(2)—Generally written contract may be modified by subsequent oral agreement.**

Generally a written contract may be modified by subsequent oral agreement, in the absence of statutory prohibitions.

**2. Chattel mortgages ⟨⟩41—Mortgage not in writing, not valid.**

Under Code 1907, § 4288, a mortgage of personal property is not valid unless made in writing and subscribed by the mortgagor, and the statute of frauds, as to real property and the statute prohibiting parol mortgages of personal property, forbids that the same be varied by parol.

**3. Frauds, statute of ⟨⟩131(1)—If subsequent parol agreement does not constitute contract required to be in writing, it modifies original agreement.**

Generally if a subsequent agreement in itself constitutes a contract within the statute, it must be in writing to be valid, but, if it does not constitute such a contract, it will operate to modify the first contract.

**4. Chattel mortgages ⟨⟩219—Purchaser of mortgaged article sold by chattel mortgagor as authorized by mortgagee acquired article free from lien.**

Where a mortgagee authorized the mortgagor to convert the mortgaged article into money, a third party purchasing the article from the mortgagor had nothing to do with the mortgagor's duty to account to the mortgagee for the proceeds, and acquired a title free from the mortgage lien.

**5. Chattel mortgages ⟨⟩219—Chattel mortgage, requiring mortgagee's consent to sale of security, does not prevent release of security by parol.**

Where a chattel mortgage provided that none of the property should be disposed of by

the mortgagor without the written consent of the mortgagee, the latter could release his mortgage by a parol agreement consenting to sale by the mortgagor; the provision to the contrary merely being the statement of existing law of such a contract, not affecting the doctrine of waiver ex post facto by word or act.

Appeal from Circuit Court, Henry County; .H. A. Pearce, Judge.

Action in detinue by the Abbeville Live Stock Company against Sam Walden. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

R. W. Miller, of Abbeville, for appellant.

In dealing with a special agent, a party so dealing is bound at his peril to ascertain the extent of such authority. Burks v. Hubbard, 69 Ala. 379.

D. C. Halstead, of Headland, for appellee.

No brief reached the Reporter.

THOMAS, J. The action, by a mortgagee, is detinue for a mule, against the purchaser thereof from the mortgagor, who had sold it pursuant to the verbal instructions of the mortgagee.

There was conflict in the evidence as to the exact terms of the mortgagee's consent to the sale; there is no conflict as to the fact that he so consented. The mortgage contained the provision:

"It is expressly agreed that none of the property conveyed herein shall be disposed of by mortgagor without the consent in writing of mortgagee, or its assignee."

[1] A general rule of contracts is that stipulations solely for the benefit of one party thereto may be waived by such party. Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439; Home Guano Co. v. International Agr. Corp., 204 Ala. 274, 85 South. 713. That is to say, a written contract may, in the absence of statutory provisions, be modified by subsequent oral agreement. McKenzie v. Stewart, 196 Ala. 241, 72 South. 109; Lehman, Durr & Co. v. Marshall, 47 Ala. 362, 376; Shriner v. Craft, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; Roquemore v. Vulcan Iron Works Co., 151 Ala. 643, 44 South. 557; Prestwood v. Eldridge, 119 Ala. 72, 24 South. 729; Hartford v. City of Attalla, 119 Ala. 59, 24 South. 845; Robinson v. Bullock, 66 Ala. 548; Langford v. Cummings, 4 Ala. 46; Deshazo v. Lewis, 5 Stew. & P. 91, 24 Am. Dec. 769.

[2] In this jurisdiction there is a statutory provision that "a mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor." Code 1907, § 4288; Bloch v. Edwards, 116 Ala. 90, 22 South. 600; Barnhill v. Howard, 104 Ala. 412, 16 South. 1; Jones v. Anderson, 76 Ala.

427; Jackson v. Rutherford, 73 Ala. 155; Johnson v. McFry, 14 Ala. App. 170, 68 South. 716. The statute of frauds as to real property and the statute prohibiting parol mortgages of personal property forbid that the same be varied by parol. McWhorter v. Tyson, 203 Ala. 509, 83 South. 330; Edwards v. Dwight, 68 Ala. 389; Stringfellow v. Ivie, 73 Ala. 209; Morris & Co. v. Alston, 92 Ala. 502, 9 South. 315.

In Lehman, Durr & Co. v. Marshall, 47 Ala. 362, 369, 376, it was permitted to be shown that, though there was a note evidencing the debt, payable in money and secured by a mortgage, by verbal contract between the mortgagee and the mortgagor, if the latter delivered in the name of the former, at a warehouse to be named by him, a sufficient quantity of cotton at the agreed price per pound to pay the note secured by the mortgage, the mortgagee would accept the cotton in payment of the note; held, that such verbal agreement did not destroy the legal effect of the note, and that the mortgagee was bound by this agreement as to the nature of payment. The effect of this decision was that it was competent for the parties to a mortgage by parol agreement to change the time, mode, or the medium of payment, without in any way impairing the mortgage security. Lehman, Durr & Co. v. Marshall, supra (agreement to pay in cotton rather than money, as stipulated in the mortgage); Belloc v. Davis, 38 Cal. 242 (agreement to pay in gold, instead of legal tender notes); Contributors to Penn. Hospital v. Gibson, 2 Miles (Pa.) 324 (agreement to accept part of principal before it was due); Williams v. Starr, 5 Wis. 534 (agreement to change the time and mode of payment). See, also, Morse v. Clayton, 13 Smedes & M. (Miss.) 373; Davis v. Maynard, 9 Mass. 242; Hadlock v. Bulfinch, 31 Me. 246; Burdett & Co. v. Clay, 8 B. Mon. 287, 295; Pond v. Clarke, 14 Conn. 334.

[3] The general rule obtaining in such matters is that, if the subsequent agreement in itself constitutes a contract within the statute it must be in writing to be valid; if it does not in itself constitute a contract within the statute, it will operate to modify the first contract. McKenzie v. Stewart, 196 Ala. 241, 72 South. 109; 20 Cyc. 287-F. The effect of McKenzie v. Stewart is that a parol agreement by a mortgagee to accept payment of the mortgage debt in other than money, is held not an agreement with respect to a conveyance in land, and is not within the statute of frauds; that this is true though the result of the mortgagee's acceptance of the property agreed to be accepted in payment would be a release of the land from the mortgage. Mr. Justice Somerville concludes the discussion by the observation that—

"The same result would follow from his acceptance of money also; and in either case the

release of the land results incidentally from the operation of law, and not from any agreement of the parties." 17 A. L. R. 12.

In Formby v. Williams, 203 Ala. 14, 81 South. 682, it was declared that a mortgage could not be varied by parol evidence having the effect of changing its due date.

[4, 5] There is no controversy between the instant parties as to the exact terms of the chattel mortgage, giving plaintiff title to the property in the first instance; nor does the evidence offered seek to vary the terms of that instrument. It merely tends to show that the mortgagee released his mortgage by a sufficient parol agreement—authority of mortgagee to mortgagor to convert the security into money. In this authority, he was making the mortgagor his agent in the selling of the mule and the receipt of the money therefor. The duty to account to the mortgagee for the sum due existed between the mortgagor and the mortgagee, and with this due accounting the third party purchasing at such authorized sale has nothing to do. Such third party cannot now be made to suffer by detinue, at the suit of the mortgagee, by the repossession of the property authorized by the latter to be sold free of the mortgage. It was decided in this state at an early date that a mortgagee may release his mortgage by sufficient parol agreement, although the mortgage be under seal and the debt unpaid. Wallis v. Long, 16 Ala. 738. In Carr v. Brawley, 34 Okl. 500, 125 Pac. 1131, 43 L. R. A. (N. S.) 302, 303, 306, the authorities are collected from many jurisdictions, to the effect that the mortgagee's consent to sale by the mortgagor may be given by parol. Decisions to like effect in this jurisdiction are Deshazo v. Lewis, 5 Stew. & P. 91, 24 Am. Dec. 769; Acker v. Bender, 33 Ala. 230; McDermott v. Eborn, 90 Ala. 258, 7 South. 751; Carpenter v. Murphree & Jones, 49 Ala. 84; Davis v. Hubbard, 38 Ala. 185; Barker v. Bell, 37 Ala. 354; Booker v. Booker's Adm'r, 32 Ala. 473; Fulton Ins. Co. v. Goodman, 32 Ala. 108; Thomason v. Dill, 30 Ala. 444; Murphy v. Barefield, 27 Ala. 634; Jolley v. Walker's Adm'rs, 26 Ala. 690; Hunt v. Barfield, 19 Ala. 117. That is to say, the consent by the chattel mortgagee that the mortgagor may sell the mortgaged property is to such extent a waiver of the mortgage lien, and the purchaser acquires a title unaffected thereby. 43 L. R. A. (N. S.) 303, note. The written provision quoted above from the mortgage was merely the statement of existing law of such a contract, and did not affect the doctrine of waiver ex post facto by word or act.

The trial court, in giving the affirmative charge, appreciated and applied this well-recognized distinction between the contract itself and rules of construction applicable

thereto, as it came from the hands of the parties (McCormick v. Badham, 191 Ala. 339, 67 South. 609), and the doctrine of waiver by matters ex post facto (Nesbitt v. McGehee. 26 Ala. 748, 757; Lowy v. Rosegrant, 196 Ala. 337, 345, 71 South. 439; Gardner v. Ruffner, 206 Ala. 666, 91 South. 580).

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.