# Gluck *v.* Cox.

*Statutory Action for Recovery of Chattels in Specie.*

1.  *Common law in Mississippi; presumption as to.*—In the absence of proof to the contrary, this court will presume that the common law prevails in the State of Mississippi.

2.  *Conveyance by husband to wife; effect of at common law.*—At common law, the husband could not convey to his wife a legal title to any property. Such a conveyance, if executed and free from fraud, would, however, be upheld and protected in equity.

3.  *Same; when equitable not changed into legal title.*—Bringing personal property to which a married woman has only an equitable title, from Mississippi, where she acquired such title, into this State, does not change the status of the title.

4.  *Same.*—The fact that one species of personal property to which a married woman had an equitable title, is changed into another, does not convert the equitable into a legal title.

5.  *Detinue; title to support.*—An equitable title will not support an action of detinue, or the statutory action for the recovery of chattels *in specie.*

APPEAL from Tuscaloosa Circuit Court.

Tried before Hon. S. H. SPROTT.

The facts are stated in the opinion.

McEACHIN & McEACHIN and WOOD & WOOD, for appellant.

J. M. MARTIN and W. G. COCHRANE, *contra.*

STONE, J.—The testimony most favorable to Mrs. Cox shows, that she intermarried with George W. Cox in 1865. At that time they resided in the State of Mississippi. It is not shown where they were married, but we suppose it was in Mississippi. Soon after their marriage, and while they were still residents of Mississippi, Cox made a voluntary gift to his wife of personal property of the value of six thousand dollars, which they soon afterwards sold, and converted into money. The money remained in Cox's hands. They afterwards removed to Texas, and again from Texas to Alabama. Cox used and converted to his own use some of his wife's money thus acquired, and afterwards repaid it to her. He then invested four thousand dollars of his wife's money in a mercantile part-

[Gluck v. Cox.]

nership in her name, and she became a member of the mercantile firm. She afterwards ceased to be a merchant, and the money, proceeds of her interest, was deposited in bank to her credit. Cox subsequently purchased thirty barrels of sugar, and paid for it with part of his wife's money, so deposited. The sugars were billed and shipped to him in the name of " George W. Cox, agent." Before the goods were removed from the depot of delivery, they were seized under executions against Cox, were sold, and Gluck, the appellant, became the purchaser. Before the sale, public proclamation was made, that Mrs. Cox claimed the goods. The present action, for the recovery of chattels *in specie*, was brought by Mrs. Cox, and she claims that the sugar is her property. Does she show a legal title in herself? If not, she can not maintain the action.

The present record contains no proof of the law of Mississippi; and that State being of common origin with the older States, we presume the common law prevails there.—1 Brick. Dig. 349, § 9; *McAnally v. O'Neal*, 56 Ala. 299; *Cahalan v. Monroe, Smaltz & Co.*, 70 Ala. 271.

At common law, the husband could not convey to his wife a legal title to any property. Such conveyance, if executed and free from fraud, would be upheld and protected in equity. *Williams v. Maull*, 20 Ala. 721; Bish. on Married Women, § 838; *Shepard v. Shepard*, 7 Johns. Ch. 57; *McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; *Goodlett v. Hansell*, 66 Ala. 151; *Warren v. Jones*, 68 Ala. 449; *Cahalan v. Monroe*, 70 Ala. 271.

As this case now appears to us, when the gift was made by Cox to his wife, they being residents of Mississippi, she acquired but an equitable right. Bringing that property into this State afterwards could not change its status. Nor would the fact that one species of personal property was changed into another species of personal property, convert the equitable title into a legal one.—*Cahalan v. Monroe*, 70 Ala. 271. It would still retain the impress it received at its creation. This case is unlike *Castleman v. Jeffries*, 60 Ala. 380. Nor is there any evidence that the parties intended or attempted to convert the wife's claim into a statutory separate estate. It requires a legal title—a right to the immediate and unqualified possession—to maintain detinue.

It may not be out of place to call attention to the inquiry, if there should not be payment or tender of the freight charges, as a preliminary to the right of suit.

Many rulings of the circuit court are not reconcilable with this opinion.

Reversed and remanded.