# CHARLESTON.

## SMITH *v.* LOWTHER.

Submitted June 10, 1891.—Decided November 14, 1891. ,

1. TRUSTS AND TRUSTEES—SALE.

A trustee in a deed of trust executed to him upon a tract of land to secure the payment of money, when required to sell under said trust-deed, must be personally present at the time and place of sale, and supervise the same, and can not delegate his

powers to a stranger, authorizing such stranger to make the sale in his absence, unless authorized so to do by the deed of trust.

2. PLEADING—PRACTICE.

Matters not charged in the bill or averred in the answer, and not put in issue in any manner by the pleadings in the cause, are not proper to be considered at the hearing, and should have no weight in determining the cause.

*G. W. Farr* for appellants, cited 6 Johns. 543; 14 W. Va. 264; 2 Robinson 179; 5 State Repts. 369; 6 Call 308; 28 Gratt. 737; 1 Mitf. 266; 8 State Repts. 640; 9 Leigh 101; 1 Sandf. N. Y. 374; 2 Mun. Repts. 196; 5 Ind. 492; 4 Gratt. 125; 26 W. Va. 612; 6 Gratt. 147–48; Bump 15 & 325; 4 W. Va. 514; 15 W. Va. 567; 23 W. Va. 475 & 717; 77 Va. 619; 2 Story's Eq. Jur., § 1201; Code ch. 93, 691; 16 Amer. Decis. 610; 2 Gratt. 497; 12 Gratt. 153; 5 State Repts. 59; Perry on Trusts §§ 402, 499, 602; 3 N. Y. 396; 1 Story, § 194; 14 W. Va. 747; 24 Howard 407; 12 Peters 178; 4 Rand. 272; 3 Rand. 14; 3 Story's Repts. 182; 9 Peters 86; 14 Johns. 14 & 15; 4 Wall. 513; 77 Va. 619; 10 W. Va. 321; 2 Wharton 387; 3 Leigh 619; 2 Robison 177; 22 Gratt. 370; Adams Equity 264–5; Bump on Frauds 198; 2 Leigh 451; 77 Va. Repts. 827; 12 Amer. Repts. 76; 12 Amer. Decis. 258; 2 Story's Equity 1217–18; 12 Amer. Dec. 258; 4 Mins. Inst. 67–8; 1 Sandf. 297; 42 Penn. 330; 5 W. Va. 107; 22 W. Va. 348 & 567; 26 W. Va. 754; 78 Va. 76; 7 Leigh 566; Bump 205, 449, 450; 2 Gratt. 280; 13 Gratt. 427; 5 Leigh 403; Acts of 1870, c. 51, § 6; Hill on Trusts 175; Bump 18, 223, 237, 256; 1 Story §§ 203, 205; 4 Peters 66; 3 Wall. 461; 4 Peters 295; Brown on Frauds §§ 448, 465, 466, 467, 480, 490; 1 Rand. 249.

*Laird & Turner* for appellees, cited 23 W. Va. 522; 23 Gratt. 737; 2 Black (U. S.) 585; Pom. Eq. Jur. § 397; 1. Rob. Prac. (New) 320; 24 Gratt. 512; 26 W. Va. 328; Kerr Fraud 42–44; Sto. Eq. Jur. §§ 186–192; 2 Bar. Ch'y Prac. 911, 912; 1 Per. Trusts (1889) §§ 124, 137; 26 W. Va. 754; 4 S. E. Rep. 278; 13 S. E. Rep. 63; Bar. Ch'y Prac. 253–255; Sto. Eq. Jur. §§ 271–286; Pom. Eq. Jur. § 1083; 23 W. Va. 675; Perr. Trusts § 863; 11 S. E. Rep. 261.

ENGLISH, JUDGE:

On the 11th day of April, 1887, Stephen J. Smith filed his bill in the Circuit Court of Doddridge county, in which he alleged in substance that being the owner of a tract of land situated in said county containing one hundred and sixty seven acres, and being indebted to his brother Vincent Smith in the sum of two hundred and eighty one dollars, he executed a deed of trust upon said tract of land to C. C. Cole, trustee, to secure the payment of said note; that on the 11th day of November, 1872, said trustee was proceeding to sell said land to satisfy said debt, and said S. J. Smith employed A. J. Lowther to attend at the time and place of sale to buy in and redeem said land by paying the amount of said note, amounting to two hundred and eighty seven dollars and thirty seven cents, including principal and interest and costs of sale, fifteen dollars and sixty three cents, which several amounts of money were furnished to said A. J. Lowther by said Stephen J. Smith, who paid said Lowther for his services in the premises; that said Lowther in pursuance of his agreement with said Stephen J. Smith attended said sale and became the *quasi* purchaser of said land for the sum of two hundred and ninety nine dollars, the same being the amount of said note, interest, and cost; that it was agreed between said Stephen J. Smith and said Lowther that said land was to be bought in by said Lowther for said S. J. Smith, and said Lowther was not to take possession of said land, or require a deed therefor under said sale, which fact was known to the said trustee, and was recognized by said trustee as being a payment of said debt and a redemption of said land by said Smith, who paid said purchase-money and took up the note which evidenced said indebtedness; that said S. J. Smith remained in possession of said land up to some time in 1883, when said Lowther took possession of the same under a deed made by said C. C. Cole, trustee, to him on the 16th day of September, 1882, which was recorded on the 9th day of January, 1883; that on the 5th day of February, 1877, said Stephen J. Smith conveyed fifty acres of said tract of land to one Thomas Brown, upon which portion said Brown

paid the taxes, and he (Smith) paid the taxes upon the residue of the same up to the time said Lowther took possession thereof under the deed from said trustee in 1883.

He also alleged that the deed procured by the said A. J. Lowther from said trustee was procured by and through misrepresentation and fraud and without the knowledge and consent of complainant, and in direct violation of the agreement above stated ; and that said Lowther well knew that said tract of land was the property of the plaintiff before and from the time of said pretended sale up to and at the time that he procured said fraudulent conveyance, except the fifty acres sold to Brown as aforesaid.

To this bill A. J. Lowther, Mary A. Lowther, Martha J. Taylor, and Zachariah Taylor, her husband, C. C. Cole, trustee, Thomas Brown, Vincent Smith, C. J. Stuart, and J. V. Blair were made defendants.

And the complainant further alleged that the said A. J. Lowther by himself, his agents and attorneys, falsely and fraudulently after the lapse of about ten years from the date of said *quasi* sale without the knowledge of complainant represented to the said C. C. Cole, trustee, that he, the said Lowther, had been the *bona fide* purchaser of said land at said sale, and was entitled to a deed from said trustee therefor, and demanded the same ; and said trustee, relying upon said false and fraudulent representations as being true, and through and by his request and mistake, and without the knowledge or consent of complainant, executed said deed to him, although he was not entitled to the same.

The complainant further alleged that in furtherance of said fraud and deception the said A. J. Lowther on the 21st day of December, 1882, conveyed said tract of land to his two daughters, Martha J. Taylor and Mary A. Lowther, who were not innocent purchasers of said land, and that the same was conveyed without valuable consideration ; that said land, except the fifty acres conveyed by him to Thomas Brown, was assessed on the land books of said county to complainant, and had been ever since he acquired his title ; and that he (complainant) paid the taxes on said land up and including the year 1882 ; and that he made great improvements on said land by clearing and fencing a large

portion of the same, and erecting buildings thereon, thus greatly increasing the value thereof; and said Brown had greatly improved the portion thereof that had been sold to him; and that the amount said land was sold for by said trustee was not more than one third of its real value.

Said Stephen J. Smith also alleged in his bill that said land was not sold by said trustee at public auction, or advertised as required by law; and for that reason the proceedings under said trust were null and void, and no title could pass from said trustee to said Lowther; and that the deed made by said trustee Cole to said Lowther on the 16th. day of September, 1882, is null and void; and he prayed that said deed from said trustee to said A. J. Lowther, and from said A. J. Lowther to his said two daughters, might be set aside and declared null and void, and that said trustee, C. C. Cole, be required to convey said land to complainant.

This bill was answered by C. C. Cole, who in his answer alleged that said trust-sale was made in all respects as required by law; that the said sale was made at the instance and suggestion of the plaintiff; that for some reason the plaintiff wanted said land sold under said trust-deed, and on the 11th of November, 1872, it was offered for sale in front of the court-house, and he received only one bid therefor, which was made by the defendant A. J. Lowther, in the presence of the complainant, who became the purchaser for the sum of two hundred and ninety nine dollars, the same being the amount due on the note secured by said deed of trust, including interest to the day of sale and the expenses of sale; that he was informed by the said complainant and the said Lowther, on the day of sale, that said Lowther would purchase said land at said sale for a sum just sufficient to pay the said debt, interest and costs of sale, unless there was a higher bid for the same; and he was informed by one or both of them at that time that the said Lowther did not then have sufficient money to pay the entire amount, and the respondent consented, at the request of one or both of said persons, to accept from the said Lowther, in case he became the purchaser of said land, a part of the money then due on said debt, and take the note

of said Lowther, with the complainant as surety, for the residue; that after said Lowther purchased said land he paid to respondent on the same day one hundred and twenty dollars, and executed to respondent his note due one day after date, for one hundred and seventy nine dollars, for the residue, which note was signed by complainant as surety for said Lowther; that the greater part of said note was soon after paid by said Lowther, but a portion thereof remained until about the 16th day of September, 1882, at which time the said Lowther paid respondent the balance remaining due on said note, and he executed a deed to him for the land, as he is advised and believes it was his duty to do, and he disclaims any knowledge of any arrangement between the plaintiff and said Lowther as is set forth in the plaintiff's bill.

The defendant Thomas Brown also filed an answer to complainant's bill, in which, after stating the facts with reference to his purchase of said fifty acres, part of said tract of one hundred and sixty seven acres, from said Stephen J. Smith, he alleges that said S. J. Smith and A. J. Lowther each told him and said in his presence, that the said Stephen J. Smith furnished out of his own means property and money, and placed the same in the hands of said A. J. Lowther, to pay off and satisfy said deed of trust, and that said Lowther had taken the same and paid off and satisfied said debt of two hundred and eighty one dollars together with the proper charges due thereon, and that the note was then delivered to the said Stephen J. Smith by the holder thereof, and that said tract of land was thereby released from any liability on account of said debt, and that said Lowther was at that time only acting as agent for said S. J. Smith in the matter; and that, relying upon these representations so made to him by the said Smith and Lowther, he was induced to and did purchase a part of said tract of one hundred and sixty seven acres, and at once took possession thereof, and so remained until quite recently, and made valuable improvements thereon, and that, after being in possession of said land for nearly ten years, he was approached by the said Lowther who represented that he had a deed from C. C. Cole, trustee, for the one hundred and

sixty seven acres of land, and that the fifty acres bought and paid for by him was a part of said one hundred and sixty seven acres; and further represented that he had bought said land at the trustee's sale made on the 11th of November, 1872, and had furnished the money to pay off said deed of trust, and demanded payment for said fifty acres, or that he should surrender possession thereof; and the said S. J. Smith having removed to the West, and the said Cole, trustee, having left the county, and moved to some place unknown to respondent, and respondent being ignorant on matters of law, and having no time or opportunity to investigate the matter, he was induced by the representations of said Lowther, on the 9th of January, 1883, to execute his obligations to Mary A. Lowther for the sum of three hundred dollars, payable as set forth in a bill which had been filed against him by her, said Lowther agreeing to convey to respondent such title as was vested in him by the deed of said C. C. Cole, trustee.

Respondent Brown also alleged that the said C. C. Cole, trustee, could not make, and did not make, any title to said land so attempted by him to be conveyed to the said A. J. Lowther on the 16th day of September, 1882; that said pretended deed was a nullity and did not operate to pass any title for said land, because the land was not advertised and sold as provided for on the face of the deed, or as required by law. He alleges that he purchased said fifty acres of land on the representations, both of Stephen J. Smith and A. J. Lowther, that the land belonged to said Smith, and expended large sums of money in improving it and only executed the three hundred dollar note to said Mary A. Lowther by reason of the false and fraudulent representations of said A. J. Lowther. He reiterates the allegations of the bill as to the fraudulent acts of said A. J. Lowther, and he prays, by way of affirmative relief, that the written obligations given by him to Mary A. Lowther on January 9, 1883, on which suit was then pending in the name of Mary A. Lowther against him and others, in said Circuit Court, might be by the court cancelled and declared null and void, and that the deed from C. C. Cole, trustee, to A. J. Lowther, dated September 16, 1882, might be set

aside and annulled, so far, at least, as respondent was interested, and that the deed made by A. J. Lowther to Mary A. Lowther for said land might also be set aside, and if the court might be of opinion that the title to said real estate was yet in said C. C. Cole, trustee, that he might be required to convey said fifty acres of land to respondent, and that he be relieved from paying said three hundred dollars to said Mary A. Lowther.

The defendant A. J. Lowther also answered the complainant's bill, admitting that said trust-sale was made by W. L. Cole as agent for C. C. Cole, trustee, and avers that said sale was made by said W. L. Cole with and by the consent and at the request of said C. C. Cole, Vincent Smith, and Stephen J. Smith; and also avers that said Stephen J. Smith, being present at said sale, and consenting thereto, and acquiescing therein, can not now complain; and by said answer he puts in issue all of the other material allegations of compainant's bill.

Numerous depositions were taken in the cause, and, by agreement, the depositions taken in the case of *Mary A. Lowther* v. *Thomas Brown*, pending in said Circuit Court, were read in this cause; and on the twenty fifth day of November, 1889, this cause was heard upon the bill, and the answers of A. J. Lowther, Mary A. Lowther, and Martha J. Taylor, and C'. C. Cole, with replications thereto, and upon the exhibits filed, the depositions taken in the cause, and the depositions read therein by agreement, on consideration whereof the court held that the allegations of the bill were not sustained by the evidence; that the cause made by the bill was not that made out by the proofs; and that the plaintiff, Stephen J. Smith, joined in and colluded with the principal defendant, A. J. Lowther, for the purpose of defrauding and did defraud A. J. Furby; and that the two parties, Smith and Lowther, are *in pari delicto;* and for other reasons the court was of opinion that the plaintiff, Stephen J. Smith, was not entitled to the relief prayed for by him; and proceeded to dismiss the plaintiff's bill with costs; and from this decree said Stephen J. Smith appealed.

The first error assigned by the appellant presents the

question as to the validity of the title claimed by A. J. Lowther, the same having been acquired by reason of his purchase at said trust-sale. The bill, as we have seen, alleges that said sale was not made by C. C. Cole, trustee, as required by law. This question is raised both by the complainant's bill and the answer of Thomas Brown.

If we look at the facts in reference to said sale, we find that W. L. Cole, in answer to the third question asked him, says, among other things: "No payment was made on this note to 11th of November, 1872. On that day the land was sold under the deed of trust after proper advertisement. The trustee himself not being present, I acted for him in making the sale, by consent, and at the request of said Smith. At that sale A. J. Lowther became the purchaser for the sum of two hundred and ninety nine dollars, that being the exact amount of the debt, interest and expenses of sale." He had just been speaking of both Vincent Smith and Stephen J. Smith, so it is difficult to determine which one was referred to when he spoke of "making the sale by consent and at the request of said Smith." The receipt for the cash-payment for said land on the day of sale was signed, "C. C. Cole, by W. L. Cole," showing that W. L. Cole was acting for C. C. Cole in making the sale. Can a trustee in a deed of trust delegate his powers? This question must be met and answered in determining upon the validity of this trust-sale under which A. J. Lowther claims to have derived his title to said tract of land.

It has been frequently held that the trustee in a deed of trust is the agent of both the grantor and the *cestui que trust*, and his duty requires him to act impartially between them. A confidence is reposed in him by both parties, and he is to use discretion in making the sale. It is his duty to offer the property at public auction, but he must exercise discretion as to the length of time the biddings shall continue, consistent with obtaining the best price for the property; and for this reason the parties interested have the right to select a trustee with such qualities of character and judgment as will enable him to make a judicious and honest disposition of the same, and when the selection is made the law provides that they shall have the benefit of

their selection. It is true that it is also said that no trust shall fail for want of a trustee, but when a trustee is wanting, by reason of death or removal, etc., the mode is pointed out for substituting one in his stead by action of the court. Neither the grantor in said deed of trust, nor the cestui que trust, could by their several verbal consent authorize a stranger to make sale thereunder. Neither could they by their joint verbal consent legalize a sale made by a person other than a trustee named in the deed of trust. The act which was in force at the time said sale was made, was passed February 28, 1870, and it provided that "the trustee in any such deed, except so far as may be therein otherwise provided, shall, whenever required by any creditor secured or any surety indemnified by the deed, * * * sell the property conveyed by the deed," etc., and if it was intended that the grantor in such deed and the cestui que trust could by agreement nominate and appoint a stranger and confer upon him the power to execute such trust-deed, where is the necessity of resorting to the courts, as the statute says you must do, when the office of a trustee is vacated by death, removal or refusal to act?

Prof. Minor, in his Institutes (volume 2, p. 286) in speaking of the mode of sale by a trustee, says: "He must conform to the terms of the deed in respect to the time and manner of giving notice; and the time and manner of sale, as well as in all other particulars; and in all points where the deed is silent he must govern himself by the general rule to sell to the best advantage, and with an impartial regard to the rights and interests of both parties. It is a principle, also, of such transactions that the trustee is charged with a personal confidence, and must therefore act in person, and not by agent."

In the American & English Encyclopedia of Law, under the head of "Agency," p. 368, we find it said: "An agent who has a bare power or authority must execute it himself, and can not delegate his authority to another." See note 4, where the authorities are fully collated.

In Lomax, Dig. p. 427, the author says: "If the trustee dies, the legal title descends to his heirs. But the trust was in some measure personal to the trustee, and the con-

fidence which was reposed in his capacity can not descend
to his heirs, who by their number, their infancy, and their
dispersed situation, or other circumstances, may not have
the same facilities to sell as the trustee himself had.    In the
case of the death of the trustee, therefore, a new trustee to
sell must be supplied by the court of chancery, and the
sale must be made under the authority of the court."

Our statute, however (Code, c. 132, s. 5) provides that,
in case of death or removal of the trustee beyond the lim-
its of the State, or, the trustee named shall decline to
accept the trust or refuse to act, any person interested in
the execution of the deed may apply, by motion, to the
Circuit Court, after ten days' notice to the persons therein
mentioned, and have a trustee appointed, who shall be sub-
stituted to all of the powers, rights, duties and responsibili-
ties of the trustee named in said deed ; and the next section
provides that "the personal representative of a sole or sur-
viving trustee shall execute the trust, or so much as re-
mained unexecuted at the death of such trustee (whether
the trust subject be real or personal estate) unless the in-
strument creating the trust otherwise direct, or some other
trustee be appointed for the purpose by a court of chan-
cery having jurisdiction of the case."

There would surely be no necessity for these provisions
if the grantor in a deed of trust or the *cestui que trust* could
consent, that a stranger should carry the trust into execu-
tion, and confer title on a purchaser, to the same extent
as if the trustee himself was present and acting in the
premises.    We must therefore conclude that W. L. Cole,
in the absence of C. C. Cole, trustee, had no power or
authority to make sale of the one hundred and sixty seven
acres of land mentioned in said deed of trust.

Again, it appears in the evidence adduced in the cause
that in 1872, about the month of March, the appellant,
Stephen J. Smith, sold the tract of land in controversy to
one A. J. Furby for six dollars per acre ; and before the
first payment was due he refused to make the payment, be-
cause he claimed there was something wrong with the
title, and said he was going to hold the land until the last
note was due, and in the mean time would take off the tim-

ber, and appellant could not help himself, and that the sale was made under said trust-deed in order to dispossess said Furby; and the Circuit Court, on the face of its decree, recites that, "it appearing that the allegations of the bill are not sustained by the evidence in this case; that the cause made in the bill is not the same made out by the proofs; and that the plaintiff, Stephen J. Smith, joined in and colluded with the principal defendant, A. J. Lowther, for the purpose of defrauding, and did defraud, A. J. Furby; and that the two said parties, Smith and Lowther, are *in pari delicto;* and for other reasons—the court is of opinion that the plaintiff, Stephen J. Smith, is not entitled to the relief prayed for by him."

In this case, however, the said A. J. Furby is no party by petition or otherwise, and he is not complaining of the action of either Smith or Lowther in the premises. No allegation of fraudulent conduct towards said Furby is presented by any of the pleadings in the cause, and no question as to the effect of the sale under said trust upon the rights and interests of said Furby is in any manner put in issue or brought before the court by the pleadings; and it is difficult to conceive how a decree could be predicated upon any evidence in relation to said collusion or fraud against the rights of said Furby. This Court has held in the case of *Burley* v. *Weller,* 14 W. Va. 264 (point 1 of syllabus) that "matters not charged in the bill or averred in the answer, and not in issue in the cause, are not proper to be considered in the hearing." See, also, *Hunter's Ex'rs* v. *Hunter,* 10 W. Va. 321, where the same principle is decided. And as the decree, in this case appears to have been based to some extent, at least, upon a matter which was not presented to the court for consideration, we must regard it as error.

Having arrived at these conclusions, it would appear unnecessary to enter into any analysis or discussion of the evidence which has been taken in the cause, for the reason that it bears mainly upon the question as to who was the real purchaser of the tract of land in controversy at the attempted sale made by W. L. Cole on the 11th day of November, 1872, and who paid said purchase-money, what amount was paid, and how it was applied.

It does appear, however, that on the 11th day of November, 1872, a receipt signed, " C. C. Cole, by W. L. Cole," was executed on the 11th day of November, 1872, to A. J. Lowther for one hundred and twenty dollars, part payment for said tract of land; and on the same day a single bill, which was joint and several, was executed to C. C. Cole, trustee, by A. J. Lowther and S. Smith, which single bill is indorsed with several credits, reducing the balance due on the 7th of October, 1873, to seventy one dollars. The deposition of W. L. Cole discloses the fact that the entire amount of the balance of the purchase-money was paid on the 20th of October, 1873, in a chancery suit which had been instituted by C. C. Cole, trustee, against A. J. Lowther, Stephen J. Smith and Vincent Smith. Subsequent to this time, something near ten years, and after Stephen J. Smith had gone west to live, it appears that W. L. Cole by mistake collected from A. J. Lowther a sum of money, the exact amount of which does not appear, which he claimed to be still due upon said purchase-money, and procured a deed to be made to said A. J. Lowther for said one hundred and sixty seven acres of land by said C. C. Cole, trustee, dated on the 16th day of September, 1882.

From what has been said, it follows that A. J. Lowther derived no title by reason of said deed from C. C. Cole, trustee; and, of course, he could confer none upon Martha J. Taylor and Mary J. Lowther, his daughters, and both of said deeds must be set aside and held for naught; but as it does not clearly and definitely appear who paid the debt due to Vincent Smith, and an account may be necessary to adjust and settle the differences between Stephen J. Smith and A. J. Lowther as to the payment of said indebtedness, the decree complained of is reversed, and the cause is remanded to the Circuit Court of Doddridge county, with leave to the parties to amend their pleadings, if they think proper, in order to settle and adjust said matters of account, and the appellant, Stephen J. Smith, must be paid the costs of this appeal by the appellee A. J. Lowther.

REVERSED.   REMANDED.