# Moore *v.* Martin & Hoyt Company.

### *Common Law Certiorari.*

1. *Judgment of justice court when not void.*—Where it is conceded that the judgment of a justice of the peace is irregular as being based on a complaint lacking certainty in its description of the plaintiff's identity, whether corporate or individual, it is not on that account void.

2. *Certiorari; what considered under common law writ.*—In reviewing a case collaterally under the common law writ of *certiorari*, only the judgment and written proceedings on which it is based can be looked to; and nothing in them appearing to the contrary it will be presumed that the plaintiff, suing

in the name of The Martin & Hoyt Company, is a corporation under the name designated in the complaint.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

The Martin & Hoyt Co. sued Walter Moore in detinue before a justice of the peace. The complaint did not state whether the plaintiff was a partnership or a corporation, or set out any names of persons composing the company. Judgment was rendered for the plaintiff and writ of restitution issued. The defendant obtained supersedeas and common law certiorari on his petition therefor, and the cause went to the circuit court. There the prayer of the petitioners to declare the judgment and the proceedings before the justice void was denied, and on motion of the plaintiffs the writ of certiorari was dismissed.

JOHN MOORE, for appellant.—Judgment by justice void—it does not show individual names of partners. *Griggs v. Gilmer*, 54 Ala. 425; *Simmons v. Fitche*, 102 Ala. 319.

KENNEDY & KIRK, *contra.*—The designation of the plaintiff imports either a corporation or a partnership, and that construction will be put upon it which will sustain the judgment.—*Seymour & Sons v. The Thomas Harrow Co.*, 81 Ala. 250.

SHARPE, J.—Conceding that the judgment of the justice court is irregular as being based upon a complaint lacking certainty in its description of the plaintiff's identity, whether corporate or individual, it does not follow that it should be quashed as void. The cases relied on in support of the petition went no further than to hold that such irregularity made reversible error; but in *Seymour v. Thompson*, 81 Ala. 250, it was held that where as in this case the name used as the plaintiff's fairly imports either a partnership or a corporation, a complaint which is otherwise silent as to its import is sufficient to support a judgment by default, even on appeal.

In reviewing the case collaterally under the common law writ of *certiorari*, only the judgment and the written proceedings on which it is based can be looked to and nothing in them appearing to the contrary it will be presumed that the plaintiff is a corporation under the name used to designate it in the complaint.

There was no error in dismissing the petition.

Affirmed.