(104 So. 17)

FIRST NAT. BANK OF GADSDEN v. BURNETT. (7 Div. 522.)

(Supreme Court of Alabama. March 26, 1925, Rehearing Denied April 30, 1925.)

1. Trover and conversion ⊚⟶34(5)—Plea of general issue puts in issue all defenses except release.

In trover, plea of general issue, not guilty, puts in issue every matter which might be pleaded in bar except a release.

**2. Appeal and error ⬳1012(1)—Conclusion of court as trier of fact not disturbed unless contrary to great weight of evidence.**

Conclusion of trial court as trier of fact is equivalent to a verdict, and will not be disturbed unless plainly contrary to great weight of evidence.

**3. Trover and conversion ⬳16—Plaintiff must have title or special right coupled with possession.**

To sustain trover, plaintiff must, at time of conversion of property, own it or have general or special right therein, coupled with possession of it or immediate right thereto.

**4. Landlord and tenant ⬳248(2)—Landlord's lien for rent held paramount to other liens on crop for rent for current year.**

In view of Code 1907, § 4734, landlord's lien on cotton for rent *held* paramount to and to have preference over all other liens on crop grown on rented land for rent for current year.

**5. Chattel mortgages ⬳225(2)—Defendant, having knowledge of plaintiff's mortgage title to cotton, held liable for its conversion.**

In view of Code 1907, § 3373, where, at time of defendant's purchase of cotton, it had actual or constructive notice of mortgage thereon which was filed for record, and legal title thereto was in plaintiff through such mortgage, defendant was liable for its conversion.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action in trover by the First National Bank of Gadsden against J. F. Burnett. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Goodhue & Lusk, of Gadsden, for appellant.

Evidence of a release is not admissible under the plea of general issue. Bowdon Lime Works v. Moss, 14 Ala. App. 433, 70 So. 292. The holder of an unrecorded assignment of a mortgage is entitled, if he has possession of the note and mortgage, to priority over any subsequent rights claimed by any subsequent encumbrancer. 5 R. C. L. 442; 11 C. J. 667; Bank v. Bank, 203 U. S. 296, 27 S. Ct. 79, 51 L. Ed. 192; Northrup v. Reese, 68 Fla. 451, 67 So. 136, L. R. A. 1915F, 554; Rice v. Jones, 71 Ala. 551. A principal is not estopped to deny the authority of his agent, unless the authority was apparent to the person dealing with the agent, and by him relied on. 2 C. J. 466; Harris v. San Diego, 87 Cal. 526, 25 P. 758; Bank v. Bank, 56 Neb. 149, 76 N. W. 430; Joy v. Vance, 104 Mich. 97, 62 N. W. 140; Pease v. Fink, 3 Cal. App. 371, 85 P. 657; Watertown v. Palmer, 84 Ga. 368, 10 S. E. 969, 20 Am. St. Rep. 368; Jenkins v. Shinn, 55 Ark. 347, 18 S. W. 240.

Culli, Hunt & Culli, of Gadsden, for appellee.

Under the general issue, anything in bar is provable, except a release. Barrett v. Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54; Ryan v. Young, 147 Ala. 660, 41 So. 954; J. T. Camp Co. v. Bonham, 10 Ala. App. 258, 64 So. 649; Stamps v. Thomas, 7 Ala. App. 622, 62 So. 314. Defendant purchased the cotton from Griffith for value and without notice, by and with the consent of plaintiff, and plaintiff is estopped to recover. Brooks v. Greil Bros., 179 Ala. 470, 60 So. 387; Warrant W. H. v. Cook, 209 Ala. 60, 95 So. 285; Bank v. Canal, 239 U. S. 520, 36 S. Ct. 194, 60 L. Ed. 417, Ann. Cas. 1917E, 25. The conclusions of the trial court should not be disturbed in this case. Harris v. Geneva M. Co., 209 Ala. 540, 96 So. 622; Christie v. Durden, 205 Ala. 571, 88 So. 667.

MILLER, J. This is a suit by the First National Bank of Gadsden, a corporation, against J. F. Burnett for damages for the conversion by him of 14 bales of cotton, the property of the plaintiff. The defendant pleaded general issue and estoppel in short by consent, with leave for plaintiff to make appropriate replication; and all evidence is to be applied to such pleas and replication. The cause was tried by the court without a jury; the witnesses were examined orally in the presence of the court; and from a judgment in favor of the defendant this appeal is prosecuted by the plaintiff.

[1] The plea of general issue, not guilty, in trover puts "in issue every matter which might be pleaded in bar, except a release." Ryan v. Young, 147 Ala. 664, 41 So. 954. See, also, Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54.

[2] This cause was tried by the court without a jury. The witnesses were examined orally in the presence of the court. The facts found by him are equivalent to the verdict of a jury, and its conclusion will not be disturbed unless plainly contrary to the great weight of the evidence. Finney v. Studebaker, 196 Ala. 422, headnote 4, 72 So. 54; Christie v. Durden, 205 Ala. 571, headnote 1, 88 So. 667.

[3] The appellant concedes in brief that from the evidence it had no title to one bale of the cotton, and that there was some evidence to support the judgment of the court for the defendant as to nine bales of the cotton; but it insists that the court clearly erred in rendering judgment in favor of defendant for the two bales raised in 1921 by Tom Croft and for the two bales raised in 1921 by A. J. Tidmore, which four bales were sold to the defendant by J. P. Griffith. To sustain the action of trover, the plaintiff must at the time of the conversion of the property own it, or have a general or special right to the property, coupled with the possession of it or an immediate right to the possession of it. Southern Ry. Co. v. City of Attalla, 147 Ala. 653, headnote 1, 41 So. 664; Pinckard

v. Cassels, 195 Ala. 353, headnote 4, 70 So. 153.

The plaintiff claims and proves title to it and its ownership of the nine bales of cotton, and its possession of them by nine warehouse receipts for them, which were given to it in 1920 by J. P. Griffith. Six of these bales belonged to Tom Croft, had been raised by him in 1920. J. P. Griffith had a mortgage on this cotton crop given by Tom Croft. The mortgage was transferred by Griffith to plaintiff. The six warehouse receipts for it were delivered to the plaintiff. G. W. Stone gave a mortgage on his cotton crop for 1920 to J. P. Griffith. This mortgage was transferred to plaintiff by Griffith. One bale of the cotton raised by the mortgagor was placed in the warehouse, and the receipt for it was delivered to the plaintiff by Griffith. H. H. Robertson gave a mortgage on his cotton crop for 1920 to J. P. Griffith; this mortgage was transferred by Griffith to the plaintiff. Two bales of cotton raised by this mortgagor were placed in the warehouse, and receipts for them were delivered by Griffith to the plaintiff. There was evidence that these mortgagors desired their cotton held for better prices, and J. P. Griffith placed their warehouse receipts with plaintiff for that purpose.

The evidence for the defendant tended to show the plaintiff in 1921 delivered these nine warehouse receipts for these nine bales of cotton to J. P. Griffith or to his brother for him, with instructions to sell the cotton; and there was some evidence to the contrary, J. P. Griffith sold these nine bales to the defendant at market price for a cash consideration, which was paid to him. From the weight of the evidence it appears that J. P. Griffith had authority from the plaintiff to sell these nine bales, and the court properly held that the defendant was not liable to the plaintiff for this cotton.

As to the remaining four bales of cotton, they were raised in the year 1921—two by Tom Croft, and two by A. J. Tidmore. The two bales of A. J. Tidmore were placed by him in the warehouse; the receipts for it were given to J. P. Griffith by him. Tidmore executed to J. P. Griffith on January 19, 1921, a mortgage on his cotton crop of 1921, to secure a debt of $625.75. This mortgage, with the debt secured by it, was transferred to plaintiff by Griffith, the mortgagee. These two bales of cotton were sold to the defendant by J. P. Griffith in the fall of 1921 for cash at market price, and the price was paid by defendant to him. There was evidence tending to show that J. P. Griffith was engaged for years in farming and the live stock business, selling mules on credit, making advances, taking mortgages on chattels and crops to secure the debts; that for years he did business with this bank, the plaintiff; and for years he would transfer to it these mortgages, and when the mortgagors delivered the cotton it was received by Griffith, the mortgagee, if the bank had the mortgage, and the cotton was sold by the mortgagee and the proceeds given to the bank. There was evidence and reasonable inferences from the evidence tending to show that the mortgagee, J. P. Griffith, in all these mortgages which were transferred by him to the bank, had the authority and consent of the plaintiff to secure the cotton and sell it for the bank; and there was evidence to the contrary, tending to show he had no such authority. From this evidence the trial court could conclude that J. P. Griffith had authority from the plaintiff to sell and acted as its agent in selling these two bales of cotton to the defendant; and in reaching this conclusion, it does not appear that the trial court was wrong, but it is sustained by the weight of the evidence. It results that the court property held defendant was not liable to plaintiff for the conversion of these two bales of cotton. Brooks v. Greil Bros. Co., 179 Ala. 459, 60 So. 387; Warrant Warehouse Co. v. Cook, 209 Ala. 60, 95 So. 282.

[4] As to the two bales of cotton Tom Croft raised in 1921, they were placed by him in the warehouse, and the receipts delivered by him to J. P. Griffith. Griffith sold this cotton for cash to the defendant, and the proceeds of one bale was given by him to the landlord, Stonewall Miller, to pay the rent of Tom Croft for the year 1921. The plaintiff could not recover for this bale. It was paid to the landlord for rent, and his lien for rent is paramount to and has preference over all other liens on the crop grown on the rented land for rent for the current year. His rent was one-fourth of the crop, and the evidence showed this bale belonged to the landlord, and its proceeds were paid to the landlord. Section 4734, Code 1907; White v. Kinney, 211 Ala. 624, 101 So. 426.

[5] Tom Croft on September 1, 1921, executed and delivered to J. P. Griffith a mortgage on his cotton crop for 1921, to secure a debt of $510. This mortgage was filed and recorded on November 21, 1921, in the probate office of Etowah county, the county in which the cotton was raised. This mortgage with the debt it secures was duly indorsed and transferred by J. P. Griffith to the plaintiff. Tom Croft on June 2, 1921, executed a mortgage on his cotton crop grown in 1921 in Etowah county to W. A. Turner to secure a debt evidenced by a note for $170. It was filed and recorded on June 20, 1921, in the probate office of Etowah county. This mortgage with the debt it secures was assigned and sold by W. A. Turner to the plaintiff before it was filed for record. The title of plaintiff to this other bale of cotton belonging to Tom Croft, through the mortgage to W. A. Turner, was superior and prior to its lien or title to it through the mortgage to J. P. Griffith. There is no evidence in-

dicating that J. P. Griffith had any authority from the plaintiff to sell to the defendant this cotton on which it held a prior mortgage given by Tom Croft to W. A. Turner. When this bale of cotton was sold by J. P. Griffith to the defendant, this mortgage of W. A. Turner on it was on record. The warehouse receipt for it was in the name of Tom Croft. It was delivered to the defendant when he purchased the cotton from Griffith. The defendant through this warehouse receipt, and the record of the mortgage given by Tom Croft to W. A. Turner, had actual or constructive notice when it purchased this bale of cotton that there was a mortgage on it to W. A. Turner. Section 3373, Code 1907. This mortgage was then owned and held by the plaintiff; the legal title to this bale of cotton was in the plaintiff by this mortgage, and the defendant having converted this bale of cotton is liable to the plaintiff for it. Rice & Wilson v. Jones & Bros., 71 Ala. 561.

The value of this bale of cotton under the evidence at the time of its conversion, when sold to the defendant, and removed by him, was $70.42, and the trial court should have rendered judgment in favor of the plaintiff and against the defendant for $70.42, with interest from October 11, 1921.

From what we have written and decided, we consider it unnecessary to discuss the other errors assigned.

For the error mentioned, this judgment will be reversed, and the cause remanded so the trial court may enter judgment in favor of the plaintiff and against the defendant for the $70.42, with interest from October 11, 1921, as indicated by this opinion.

The judgment is reversed, and the cause remanded, with instructions.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.