(124 So. 234)

BARKSDALE et al. v. STRICKLAND & HAZARD. (8 Div. 131.)

Supreme Court of Alabama. Oct. 17, 1929.

H. H. Hamilton, of Russellville, for appellants.

Williams & Chenault, of Russellville, for appellee.

BROWN, J. This action is by the appellee against the appellants. The first count is in detinue for the recovery of a sawmill and equipment, specifically described, and the second is trover claiming damages for the wrongful conversion of the same property.

The plaintiff is described in the caption of the record as "Strickland & Hazard, plaintiffs," and in the judgment entry the recital is: "Comes the plaintiff by its attorneys and the defendants in person and by their attorneys."

Relying on Moore & McGee v. Burns & Co., 60 Ala. 269, and Lanford v. Patton, Donegan & Co., 44 Ala. 585, the appellants insist, though the question was not raised on the trial, that the judgment recovered by the plaintiff is irregular and must be reversed because the individuals comprising the plaintiff were not made parties. This contention is based on the unwarranted assumption that the plaintiff is a partnership.

When an action is brought in a name which may fairly import corporate character, and the capacity to sue is not put in issue, the capacity to sue, and corporate existence, if necessary, will be intended. Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45; Moore v. Martin & Hoyt Co., 124 Ala. 291, 27 So. 252.

Moreover, the recital in the judgment entry supports the intendment that the plaintiff is a corporation.

As a general rule, to maintain detinue for the recovery of chattels, the plaintiff must, at the commencement of the action, have a general or special property in the chattels sought to be recovered, and must be entitled to the immediate possession. Gafford v. Stearns, 51 Ala. 434; Gluck v. Cox, 75 Ala. 310; 3 Brick. Dig. 306, § 1; Commercial Investment Co. v. East, 217 Ala. 626, 117 So. 160.

However, prior actual possession, alone, will authorize a recovery against a mere wrongdoer, not showing any right of property in himself. Jones v. Anderson, 76 Ala. 427; 3 Brick. Digest, 306, § 2; Jackson, Morris Co. v. Rutherford, 73 Ala. 155. But a mere equitable right or title in the plaintiff will not support the action. Gluck v. Cox, 75 Ala. 310; Jones v. Anderson, supra.

To support the action of trover the plaintiff must prove property in himself and a right to the possession at the time of the conversion. Corbitt v. Reynolds, 68 Ala. 378; Elmore v. Simon & Bro., 67 Ala. 526. The action of trover is not within the influence of the statute which authorizes suit in the name of the party beneficially interested. McNutt v. King, 59 Ala. 597; Code 1923, § 5699. The section applies to actions ex contractu only.

The plaintiff, to sustain its title and right to recover, over defendants' objection, was allowed to adduce in evidence a certified copy of deed of trust executed on the 17th day of February, 1925, by one Wiggington in the state of Mississippi, conveying the property to O. F. Street as trustee, in trust to secure three notes representing an indebtedness due from Wiggington to the plaintiff, falling due June 15, 1925, September 15, 1925, and December 15, 1925, and drawing interest at 8 per cent. from maturity, the aggregate of which is stated to be $1,779.32.

In this deed of trust it is stipulated: "But if he (Wiggington) shall fail to pay the same when due, the second party (Street) shall have power to take possession of and sell said property at ———, Mississippi; and when the said property be personal, by posting three written notices ten days previous to the day of sale, and at the expiration of said ten days he shall expose the same for sale, at public outcry to the highest bidder for cash, * * * and apply the proceeds of sale to the payment of said debt, and interest, and the cost of said trust, and if a surplus, to be returned to the party of the first part (Wiggington), his heirs or assigns. In the event of death, resignation, inability, or refusal of said Trustee to act, the party of the third part (plaintiff) shall have the power to appoint a substitute Trustee to carry out the provisions of this trust."

Evidence was also offered going to show that the trustee was still living in Ripley, Miss., and there was no evidence showing or tending to show that he had resigned, refused to act, or that he was unable to act.

The plaintiff was further allowed to show by one Pervis that some time after the paper was given, when does not appear, "Mr. Strickland foreclosed it under the powers contained in it"; that the witness was present at the sale; that notices of the sale were posted at three places in Ripley, Miss., and when it was sold "Mr. Strickland put up the property described in the deed of trust and sold it, and the witness bought it from Strickland and Hazard." This witness, on cross-examination, testified that some of the property was then "around Ripley and part was in Calhoun County"; that the engine and boiler were not in Ripley, but had previously been moved to Calhoun county; that he bought the property for Strickland & Hazard for $50. The property was afterwards removed to Alabama, and there is no evidence showing that the deed of trust was recorded in this state.

Defendants offered evidence tending to show that, while Wiggington was in possession of the property in Alabama, he executed a mortgage to defendants to secure an indebtedness contracted in the purchase by

him from defendants, of another sawmill; that before this trade was made and the mortgage taken, defendants inquired of Strickland, who was present and testified as and for the plaintiff, in substance, if Wiggington owned the property and had a right to give a mortgage thereon, and received an affirmative answer. Strickland denied that he made any such statement. The evidence further shows that defendants took possession of the property under this mortgage, foreclosed, and purchased the property at the sale.

■ This statement of the evidence is sufficient to develop the controlling question in the case. Under this evidence it cannot be affirmed, as a matter, of law, that defendants were mere wrongdoers, and that plaintiff was entitled to recover on prior possession only. It was incumbent on plaintiff to show that it acquired the title conveyed by Wiggington to Street as trustee.

■ The power to sell property covered by a deed of trust or mortgage is a matter of contract, and, in the absence of evidence showing that the statute of the state of Mississippi regulates the exercise of the power, it will be assumed that the principles of common law obtain, in respect thereto. Lang et al. v. Stansel, 106 Ala. 389, 17 So. 519; 19 R. C. L. § 405, p. 590.

■ Powers of sale in mortgages or deeds of trust are of two kinds—naked powers and powers coupled with interest. Powers falling within the first class can be executed only by the person designated. "The trustee in a deed of trust cannot lawfully delegate his authority, but he must personally be present and supervise the sale," though, if the trustee is personally present, he may · employ an auctioneer to cry the sale. 2 Wiltsie on Mortgage Foreclosure, § ·829; 19 R. C. L. 591, § 406; Barrick v. Horner, 78 Md. 253, 27 A. 1111, 44 Am. St. Rep. 283; Smith v. Lowther, 35 W. Va. 300, 13 S. E. 999; Copelan v. Sohn, 75 W. Va. 83, 82 S. E. 1016.

In the absence of evidence that the power could not be exercised by the trustee named, or his refusal to act, the question of substitution does not arise.

■■ The attempted exercise of the power by "Mr. Strickland" must be held abortive, and defendants' objection to the evidence in respect thereto was well taken, and the court erred in overruling it.

■ The substance of the conversation between Wiggington and Strickland at the jail, after Strickland had assumed possession of the property and attempted to foreclose, was that Strickland told Wiggington that he (Strickland) had sold the mill under the deed of trust and bought it in, and Wiggington replied that he would not have the steammill

at all, but, if Strickland would let him have the tractor, he would "go to Blue Mountain tract" and work until he repaid the money advanced by Wiggington's father and Strickland to get Wiggington out of jail. There was nothing in this transaction tending in the least to show that it conferred on the plaintiff such title to the property in controversy as would support this action on any one of its phases. This evidence was res inter alios acta, and mere hearsay. Humes v. O'Bryan & Washington, 74 Ala. 64; 3 Mayf. Dig. 557 "(c) 3 Res Inter Alios Acta."

The same is true as to the declarations of Wiggington giving his reason for wanting to leave "the Blue Mountain tract."

■ While it must be conceded, as a general rule, estoppel, to be availed of as a defense, must be specially pleaded, Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564, this general rule does not apply to actions of trover, for the reason that conversion, which is the gist of the action, is ex vi termini, a tortious act, which cannot in law be justified or excused, and any plea alleging matters of justification or excuse other than a release, is equivalent to the plea of not guilty, since it involves a denial of the conversion. Barrett v. City of Mobile et al., 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54; Ryan et al. v. Young, 147 Ala. 660, 41 So. 954; First National Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17.

The case must be reversed for the errors pointed out, and inasmuch as the other questions argued may not arise on the trial to follow, we pretermit their consideration.

Reversed and remanded.

SAYRE, THOMAS, and BOULDIN, JJ., concur.