31 So.2d 129

## NORRIS v. KELLY.

### 6 Div. 579.

Supreme Court of Alabama.
June 19, 1947.

Curtis, Maddox & Johnson, of Jasper, for appellant.

Fred Jones and John Posey, both of Haleyville, for appellee.

BROWN, Justice.

This is an action of detinue by appellee against appellant to recover possession of "One 1944 Chevrolet Truck 1½ ton capacity, Motor No. 651006, also one utility trailer, 1944 model with truck" together with "the value of the hire or use thereof."

The general issue in the action of detinue is "non detinet" or an averment that the allegations of the complaint are untrue: Code of 1940, Tit. 7, § 225; Berlin Machine Works v. Alabama City Furniture Co., 112 Ala. 488, 20 So. 418; 3 Mayfield's Digest, p. 57, § 22. Defendant's plea 1 "not guilty" appears to have been treated as the general issue by the court and the parties. The defendant also pleaded: "2. That the plaintiff claims title or right to the property sued for by virtue of a mortgage and this defendant is an innocent purchaser of said property, for a valuable con-

sideration, without any notice or knowledge that Plaintiff held a valid, legal, existing claim on said property. 3. That plaintiff claimed right and title to the property sued for by virtue of a certain mortgage executed to him by Jack Kelly, Jr. and that before the commencement of this suit said mortgage had been paid or lien discharged and waived and that if the Court finds that the Defendant is due to pay anything upon said mortgage or that the plaintiff is entitled to recover under said mortgage, then the Defendant asks the Court to ascertain the amount due under said mortgage, in accordance with the statute."

The defendant also filed pleas 4 and 5 asserting:

"4. * * * that the ceiling price of said truck and trailer was less than the amount charged as the purchase price; the amount charged as the purchase price was $3,000.00; this excessive charge was illegal; that the illegal consideration is a part of the mortgage indebtedness secured by said mortgage. That defendant purchased the truck and trailer from Jack Kelly, Jr., who gave the mortgage containing the illegal consideration and he pleads these facts in bar of the recovery of said truck and trailer.

"5. * * * and that the balance due on said mortgage should be ascertained by the court and that the excessive selling price, as determined by the Court, over and above the ceiling price of the truck and trailer should be deducted from the amount due on the truck, * * *."

The plaintiff filed a general demurrer to pleas four and five stating no specific causes. Code 1940, Tit. 7, § 236; Deslandes v. Scales, 187 Ala. 25, 65 So. 393.

The case was tried before the court without the intervention of a jury, resulting in a judgment for the plaintiff, fixing the value of the truck sued for at $1400.00 and the value of the trailer at $1200.00, total $2,600.00, and ascertained the amount due on the mortgage at $2095.00 and the value of the use and hire of the truck and trailer at $200.00. From this judgment the defendant appealed.

The evidence shows without dispute that the plaintiff sold the truck and trailer to his

twenty year old son who was married and had a wife, to aid him in transporting lumber from Alabama to Evansville, Indiana; that the price of the truck and trailer was $2500.00 for which the son executed his notes and mortgage, which was duly recorded in the office of the Judge of Probate of Winston County, before the transactions involved in this suit, the county in which the parties resided and also the county in which the defendant resided. That in the operation of his business the son Jack Kelly, Jr., incurred indebtedness to defendant for material and repairs on the truck and trailer on open account, that he borrowed money from his uncle Allen Kelly and incurred other debts. The money owed to Allen Kelly was on open account without security. The evidence is also without dispute that the plaintiff, the mortgagee, authorized his son Jack Jr., to take the truck and trailer to Evansville, Ind., and sell it for the account of the plaintiff, check to be drawn payable to plaintiff. Said mortgagor, acting in accordance with these instructions, had found a purchaser, who was willing to purchase for a price but the completion of the sale was interrupted because the truck or the trailer did not have on it the serial number. Young Kelly carried with him on this trip a bill of sale which plaintiff had given him when he purchased the truck and trailer.

Kelly, Jr., notified his father that he had a purchaser but could not complete the sale without the serial number. Plaintiff obtained the serial number which he delivered to Woodie Eaton to be carried to the son so he could complete the sale. The defendant and Allen Kelly ascertained that Jack Kelly, Jr., had been authorized by plaintiff to sell the truck and that plaintiff had furnished to Eaton the serial number to be delivered to Jack, Jr., so that he could complete the sale. Allen Kelly and defendant, as the evidence goes to show, got on Eaton's truck and rode with him to Evansville, Indiana, and surreptitiously obtained the said serial number from the truck of Eaton without Eaton's knowledge or consent and defendant and Allen Kelly contacted young Kelly, went to see the man who had agreed to purchase and who was waiting for the serial number, and Norris

then informed said prospective purchaser that he had a claim on the truck and trailer. The serial number was never delivered to young Kelly. When the purchaser was informed by Norris that he had a claim on the truck and trailer, he declined to purchase and declared the deal off. The evidence further goes to show that Allen Kelly falsely represented to young Jack Kelly when he got to Evansville that his father, the plaintiff, had sent him (Allen Kelly) and Norris to get the truck and trailer or the money, a representation which Allen Kelly admitted on the trial was false.

Norris then induced young Kelly to turn the truck and trailer over to him, agreeing to cancel the indebtedness which he held against young Kelly and assume the indebtedness which young Kelly owed Allen Kelly and by paying young Kelly $550.00. Defendant drove the truck and trailer back to Haleyville in Winston County where all the parties reside and the legal situs of the property.

The evidence further shows that the parties are related by blood, Allen Kelly being a brother of the plaintiff and Norris being a cousin of the plaintiff and Allen Kelly.

There is some conflict in the evidence as to the amounts paid on the mortgage debt but the weight of the evidence goes to show that only $500.00 has been paid by the mortgagor to the bank and other payments which he testified to were for money advanced by his father in handling and setting him up in the lumber business.

■ The evidence warrants an inference that Norris and Allen Kelly had knowledge of the limited authority of the mortgagor to sell for the account of the mortgagee, the plaintiff.

■ The defendant was charged with knowledge of the existence of the mortgage by its recordation and his defense that he is an innocent purchaser without notice is not sustained. Malone & Collins v. Bedsole, 93 Ala. 41, 9 So. 520; Code of Alabama 1940, Tit. 47, § 110.

■ It is well settled that estoppel must be pleaded specially except in actions of trover. Barksdale et al. v. Strickland & Hazard, 220 Ala. 86, 124 So. 234; Jones &

284

Co. v. Peebles, 130 Ala. 269, 30 So. 564; Barrett v. City of Mobile et al., 129 Ala. 179, 30 So. 36, 87 Am.St.Rep. 54; Ryan et al. v. Young, 147 Ala. 660, 41 So. 954; First Nat. Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17.

Therefore, assuming without holding, that the defendant's special pleas were sufficient to cover the defense of estoppel, we are clear to the conclusion that the defendant was in no position, because of his intermeddling with and wrongful frustrating of the transaction between Jack Kelly, Jr., and the prospective purchaser, accompanied by the false representation made that he and Allen Kelly were authorized to take the property or the money, to plead and assert estoppel of plaintiff to set up title through his said mortgage. The defendant's intermeddling was tortious, tantamount to a conversion. Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am.St.Rep. 789. The facts stated clearly differentiate this case from Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237, and other cases cited in brief to support appellant's contention that plaintiff was estopped to assert and rely on the title carried by the mortgage.

Code of 1940, Title 7, § 260 does not change the rule as to the presumption in favor of the conclusion of the trial court as a matter of fact where the testimony is given ore tenus and the evidence is in sharp conflict. Finney v. Studebaker Corp., 196 Ala. 422, 72 So. 54; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Benton Mercantile Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; and numerous other cases cited in annotations to § 260, Title 7, Code of 1940, p. 260.

There was evidence which, if believed, warranted the trial court in fixing the value of the property as stated in the judgment, the amount due on the mortgage debt and the damages for use and hire. These conclusions under the rule stated will not be disturbed. Defendant's pleas 4 and 5 carry the burden to the defendant of showing that the truck and trailer were sold for a price of $3000.00. The undisputed evidence shows that the sale price was $2500.00, there being no evidence that this was in excess of ceiling price. Therefore, conceding that the court erred in sustaining the demurrer to special pleas 4 and 5, because no specific grounds were stated, such error was without injury.

No reversible errors appearing, the judgment is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.