37 So.2d 524

### SIMS v. BRISTOW.

#### 4 Div. 526

Supreme Court of Alabama.

Nov. 12, 1948.

342

37 So.2d 430

**BELCHER v. McGINTY.**

**6 Div. 648.**

Supreme Court of Alabama.

Nov. 12, 1948.

Cope & Cope, of Union Springs, for petitioner.

Lawrence K. Andrews, of Union Springs, opposed.

BROWN, Justice.

The opinion of the court of appeals does not purport to set out all the evidence in the case. There is an absence of evidence so far as appears showing how long the property had been in Pike County at the time the mortgage of January 4, 1945, was taken by the First National Bank of Union Springs. The effect of § 110, Tit. 47, Code of 1940, and § 123 of the same title, is to preserve notice of claims of grantees for three months after removal from one county to another and one who purchases before the expiration of this time does not take priority over the grantee in the first mortgage. Malone v. Bedsole, 93 Ala. 41, 9 So. 520; Norris v. Kelly, 249 Ala. 281, 31 So.2d 129.

Nor does it appear that the mortgage taken by the Union Springs bank was ever recorded either in Pike County or in Bullock County. Under the terms of the statute, "Conveyances of personal property to secure debts, or to provide indemnity, are *inoperative* against creditors and purchasers without notice, until recorded, * * *." § 123, Tit. 47, Code of 1940. [Italics supplied.]

The burden was on the appellant transferee of the bank, to show that its 1945 mortgage was recorded in the county to which the mortgagor moved and to which the property was removed, and that more than three months had expired since such removal. § 123, Tit. 47, Code of 1940; Norris v. Kelly, 249 Ala. 281, 31 So.2d 129.

We are, therefore, of opinion that the writ of certiorari is due to be denied. It is so ordered by the Court.

Writ denied.

LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.