63 So.2d 597

**MORGAN v. JACKSON.**

8 Div. 664.

Supreme Court of Alabama.

Feb. 26, 1953.

H. H. Conway, Albertville, for appellant.

Scruggs & Scruggs, Guntersville, for appellee.

STAKELY, Justice.

This litigation originated on the law side of the court when Hogan Jackson (appellee) brought a detinue suit against O. F. Morgan (appellant), to recover 4,555 lbs. of cotton seed stored in the defendant's warehouse by one E. R. Stanford. The cause was transferred to the equity side of the docket. Thereupon Hogan Jackson filed his bill of complaint, in equity, setting up his claim to the cotton seed. O. F. Morgan filed an answer thereto and made his answer a cross-bill in which he sought to set up his claim to the cotton seed. Upon a hearing before the court the court found, among other things, that complainant, Hogan Jackson, had a claim to the cotton seed superior to that of O. F. Morgan. The nature of these respective claims will be discussed later. From the foregoing final decree the appeal is to this court.

During the year 1947 Hogan Jackson was the owner of a farm situated in Marshall County, Alabama, which was rented to one E. R. Stanford, who, as rent therefor, agreed to pay to Hogan Jackson six bales of cotton weighing 500 lbs. each to grade good middling and the seed therefrom. The rental agreement or note of E. R. Stanford is attached to the bill as an exhibit and made a part thereof. The cotton seed in controversy was produced on the aforesaid place by E. R. Stanford under the contract. The total weight of the seed was 4,555 lbs. and the date each bale was ginned, the gin marks and the gin weights are shown in the bill of complaint. Hogan Jackson never got his seed nor was he paid for the seed. The sheriff levied a writ of detinue on the seed, took the seed into his possession and O. F. Morgan thereupon made a bond for the seed and still has the seed.

Tendencies of the evidence show that before the cotton was ginned, Hogan Jackson went to the gin of O. F. Morgan and O. F. Morgan being absent, told one Pritchett, who was in charge of the gin, about the terms of his contract with E. R. Stanford under which E. R. Stanford was to pay as rent for the farm six bales of cotton and the seed therefrom and that E. R. Stanford was to pay for the ginning. Tendencies of the evidence further show that Pritchett was authorized to buy seed and do whatever was necessary to run the business in the absence of O. F. Morgan.

Thereafter Hogan Jackson discussed the matter with O. F. Morgan on several occasions and O. F. Morgan refused to deliver the seed to him unless he first paid the ginning charges. When O. F. Morgan refused to deliver the seed, Hogan Jackson wrote to E. R. Stanford on two occasions, requesting E. R. Stanford to go to O. F. Morgan and pay the ginning charges, but E. R. Stanford failed to do so. Furthermore Hogan Jackson wrote to O. F. Morgan on several occasions demanding his seed or pay therefor.

Upon a careful consideration of the evidence we are satisfied that the court correctly found that Pritchett was the agent of O. F. Morgan and that he was acting within the line and scope of his employment when he received the verbal notice from Hogan Jackson that E. R. Stanford was his tenant and as such was to pay as rent six bales of cotton and the seed therefrom and that E. R. Stanford was to pay for the ginning. O. F. Morgan became chargeable with and bound by this information and it makes no difference that Pritchett might not have conveyed this information to O. F.

Morgan, his principal. Higman v. Camody, 112 Ala. 267, 20 So. 480, 57 Am.St.Rep. 33; First National Bank v. Allen, 100 Ala. 476, 14 So. 335, 27 L.R.A. 426, 46 Am.St. Rep. 80; 2 Am.Jur. p. 286.

■ Without question Hogan Jackson had a landlord's lien on the cotton seed which has preference over all other liens on the crop grown on the rented lands for the current year. First National Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17; § 15, Title 31, Code of 1940. It is true that there is a statute which provides for a ginner's lien. § 69, Title 33, Code of 1940. However the ginner, O. F. Morgan, as we have shown, was chargeable with and had information of the existence of the landlord's claim and also that the tenant was to pay the ginning charges. Jackson v. Cantrell, 36 Ala.App. 587, 61 So.2d 459.

■ The appellant cites as authority for his position the case of Etheredge v. Hester, 32 Ala.App. 321, 25 So.2d 523. However, in this latter case the agreement between the landlord and tenant was on a ⅓rd—¼th basis. In such cases it is our understanding that it is the custom that the landlord under such conditions pay his proportionate part of the ginning charges. In the case at bar the ginner was informed that the tenant, E. R. Stanford, was to pay for the ginning and with this knowledge nevertheless went ahead and ginned the six bales of cotton without at that time even requesting payment from the tenant. There was no contract that Hogan Jackson was to pay for the ginning. Jackson v. Cantrell, supra.

We think there can be no doubt that under the evidence in the case the claim of Hogan Jackson to the cotton seed is superior to any claim thereto that O. F. Morgan might have.

It results therefore that the court acted correctly in its ruling and the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.